ALEXANDER GEORGE, Appellant, v. HARRY F. ALLEN, Respondent, No. 42216—245 S. W. (2d) 848.

Division Two, January 14, 1952.
Rehearing Denied, February 11, 1952

Cyril G. Baucke and Walter J. Gresham for appellant.

972

*R. Carter Tucker, John Murphy, William H. Wilson, J. Gordon Siddens* and *C. Thomas Carr* for respondent.

WESTHUES, C.—At about six o'clock on the afternoon of September 27, 1947, the car of plaintiff, appellant George, and the car of defendant, respondent Allen, collided at the intersection of Spring Branch Road and Highway 78 in Jackson County, Missouri. Appellant ▮▮▮ George sustained personal injuries and filed suit against Allen to recover $25,000 as damages. Allen filed a counterclaim asking $500 as damages sustained to his car. A trial by jury resulted in a verdict against plaintiff on his claim and against the defendant on his counterclaim. From the judgment entered, plaintiff appealed.

Plaintiff and the defendant submitted their claims for recovery solely under the humanitarian doctrine. Plaintiff claims that the trial court erred in giving instructions D and E on defendant's behalf. The defendant says plaintiff's evidence was insufficient to justify a submission of the case to a jury and that the instructions given were not erroneous.

The evidence disclosed the following: Spring Branch Road is an east and west road, 20 feet in width. Highway 78, where it intersects Spring Branch Road, runs in a northeast and southwest direction. It is a four-lane highway with a 6-foot medial strip separating the northbound and southbound traffic lanes, making a total width of 50 feet. There were no stop signs on Highway 78 at this intersection, while on Spring Branch Road there was a stop sign about 90 feet east of the pavement of Highway 78. Since the roadways do not intersect at right angles, the distance from the east edge of the pavement on No. 78 at Spring Branch Road to the west line of the pavement is 79 feet. Plaintiff at the time of the collision was driving in a westerly direction on Spring Branch Road while the defendant was driving in a southwest direction on the westernmost lane of Highway 78. Defendant's car struck plaintiff's car just as it was leaving the pavement of Highway 78. All parties agree that about half of plaintiff's car was still on the pavement when the collision occurred.

Plaintiff testified that he stopped at the edge of Highway 78, looked north and south on No. 78, and saw only one car, that of the defendant about a block and a half or two blocks (or about 500 feet) north of the intersection. In plaintiff's opinion the defendant's car was traveling about 35 or 40 miles per hour. Plaintiff then proceeded to cross Highway 78. He testified he was driving about 10 miles per hour; that he looked at defendant's car when he (plaintiff) was crossing the center of the two west lanes; that at that time the defendant's car was about 125 feet to the north; that the defendant did not reduce the speed of his car but on the contrary increased the

speed; that when the collision occurred, the defendant was driving about 75 miles per hour.

The defendant's testimony was that he drove his car south on the west lane at a speed of about 45 or 50 miles per hour; that he did not see plaintiff's car until he, the defendant, was only about 50 feet from the intersection; that plaintiff was driving his car at a speed "substantially the same as (his) speed"; that plaintiff was entering the intersection when he first saw him; that plaintiff did not stop before crossing the four-lane highway. On cross-examination, the defendant testified as follows:

"Q. At the time of the collision you were going about 40 or 50 miles an hour, weren't you?

"A. I probably was because I knew I had the right, so I never slowed up sooner.

"Q. You thought you had the right-of-way?

"A. I didn't see anybody and I never slowed. Had I saw the car before I would have slowed up.

"Q. You would have slowed up?

"A. Yes.

"Q. There wasn't anything that kept you from seeing the other automobile?

"A. It just come there as fast as I did.

"Q. I didn't ask you that. There was nothing that kept you from seeing an automobile that was in front of you? There were no obstructions in front of you, were there?

"A. No, sir.

"Q. Just as soon as you saw the other car you turned to the right?

"A. Yes, sir.

"Q. And followed him off the highway?

"A. What is that?

"Q. And you followed him off the highway?

"A. I wouldn't say I followed him off. We went off the highway together."

It was in evidence that both plaintiff and defendant had a clear view of the roadways.

We are of the opinion that the defendant's contention that the evidence was insufficient to sustain a verdict in plaintiff's favor must be denied. The defendant may have been right in his position that he had the right of way, yet, under the humanitarian doctrine, it was his duty to make an attempt to avert a collision at a time when he first realized a collision would occur. A jury would be justified in finding that plaintiff attempted to cross the highway thinking he had sufficient time to do so ahead of defendant's oncoming car. A jury would also be justified in finding that the defendant saw or should have seen plaintiff in a position of peril in

time to have reduced the speed of his car so as to have averted a collision. Mayfield v. Kansas City Southern R. Co., 337 Mo. 79, 85 S. W. (2d) 116, l. c. 123 (6-10). Instead of increasing the speed of his car on the theory that he had the right of way, defendant, under the humanitarian doctrine, should have decreased the speed. We are not saying that defendant did not in fact decrease the speed of his car but plaintiff's evidence was that the defendant increased the speed of his car. The evidence was sufficient to sustain a verdict for the plaintiff. Pence v. Kansas City Laundry Service Co., 332 Mo. 930, 59 S. W. (2d) 633, l. c. 638 (16, 17); Spoeneman v. Uhri, 332 Mo. 821, 60 S. W. (2d) 9, l. c. 12 (4); Claridge v. Anzolone, 359 Mo. 65, 220 S. W. (2d) 33, l. c. 35 (5); Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47, l. c. 52 (6, 7).

■ The trial court at defendant's request gave the following instruction (D) of which plaintiff complains: "The court instructs the jury that if you find and believe from all the evidence in this case that the sole cause of plaintiff's injuries, referred to in evidence, was that plaintiff drove his automobile into the path of said moving automobile driven by defendant and into such close proximity thereto that defendant, by the exercise of the highest degree of care, driving his said automobile, could not, with all the means and appliances then at hand, have slowed down more than he did, or have swerved more than he did, or have stopped quicker than he did, and thereby have avoided injury to plaintiff, if so, and if you further find that defendant was not negligent as defined in Instruction No. One, if so, then your verdict should be for the defendant."

Plaintiff says that the instruction assumed controverted facts, that is, it assumed the defendant slowed down his car, swerved, or stopped. We are of the opinion that plaintiff's point must be sustained. The instruction by the phrase "that defendant, by the exercise of the highest degree of care, driving his said automobile, could not, with all the means and appliances then at hand, *have slowed down more than he did*," assumed that the defendant did slow down the speed of his car. (Emphasis ours) It was plaintiff's evidence that defendant did not reduce the speed of his car but on the contrary increased his speed immediately before the collision. The defendant's evidence gave some support to plaintiff's contention. Defendant testified he was traveling about 45 to 50 miles per hour when he first saw plaintiff and was driving at about the same speed at the time of the collision. Instructions should not assume controverted facts. The above-mentioned instruction was, therefore, erroneous. 64 C. J. 531, Section 482; 38 Am. Jur. 1091, Section 371.

■ Instruction E, given at defendant's request, was assigned as error. The instruction reads as follows: "The court instructs the jury that if you find and believe from the evidence in this case that on September 27, 1947, plaintiff and defendant collided at Highway

78 and Spring Branch Road, if so, and if you further find that when both cars reached a position of immediately impending peril of collision with the other, the drivers of each car, while in the exercise of the highest degree of care, saw or could have seen the other in peril in time thereafter to have slowed down, swerved or stopped and thereby have avoided said collision, but that they both negligently failed so to do, if so, then in such event neither party hereto is entitled to recover herein and your verdict should be in favor of plaintiff on defendant's counterclaim and in favor of defendant on plaintiff's claim.''

It is plain to see that the instruction extended the doctrine of contributory negligence to negligence in humanitarian cases. The instruction is novel, indeed, and defendant cites no case in support of it. As to plaintiff's right of recovery under the humanitarian doctrine, the instruction authorized, in fact, it directed, the jury to find for the defendant if plaintiff's negligence contributed to his injury. Contributory negligence has no place in the submission of a case under the humanitarian doctrine. That rule has been consistently followed in this state. See Annotations in 119 A. L. R. 1083, Missouri cases; Lynch v. Baldwin, Mo., 117 S. W. (2d) 273, l. c. 276 (5, 6).

The instruction is also contradictory and confusing. Since the facts in this case show that plaintiff saw and knew of the approach of defendant's car and the defendant saw and knew of the approach of plaintiff's car, there was no obliviousness in the case. Plaintiff's peril, if any, arose when he reached a point on the highway where he could not stop before entering the pathway of defendant's car. The peril zone as presented by the evidence in this case was very narrow. The instruction under consideration is inconsistent when it speaks of the parties being in a position of imminent peril and at the same time having the ability to avert a collision. Under the evidence plaintiff may have been placed in a position of peril under the humanitarian doctrine by the action of the defendant in increasing the speed of his car. The evidence supported such a theory. Instructions such as the one here in question have no place in a humanitarian case.

The judgment is reversed and the case remanded for retrial. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.