Donie WATT, Plaintiff-Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant.

No. 48807.

Supreme Court of Missouri,

Division No. 1.

March 12, 1962.

V. James Ruddy, St. Louis, for appellant.

Edmund W. Albright, William L. Mason, Jr., St. Louis, for respondent.

HYDE, Judge.

Action for damages for personal injuries; verdict and judgment for plaintiff for $25,-000.00 against defendant St. Louis Public Service Company which has appealed and is hereinafter referred to as defendant. Plaintiff was injured in a collision between defendant's bus on which she was a passenger and a truck. The jury found for the truck owner (who made the defense of an unauthorized person driving his truck) and plaintiff has not perfected an appeal from the judgment in favor of the truck owner.

Defendant alleges error in giving Instructions 1 and 4 at plaintiff's request and in refusing Instruction A requested by defendant. Instruction 4, as hereinafter shown, assumed the controverted issue of negligence. Instruction 1 was the main verdict-directing instruction for plaintiff against defendant, which submitted violation of a city ordinance limiting speed of vehicles to 15 miles per hour in its Central Traffic District. Since defendant's main objection to Instruction 1 is in effect a claim that it was not supported by the evidence, we state the following facts which were shown.

Defendant's bus was going north on Ninth Street, a one-way northbound street. The dump truck involved was going west on Lucas Street, a one-way westbound street. There was a building on the southeast corner of the intersection, which obstructed the view to the east and south. In front of this building, the south sidewalk on Lucas was seven feet wide and the east sidewalk on Ninth was twelve feet wide. Each street was 36 feet wide. Two passengers estimated the speed of the bus at 25 to 30 miles per hour; one of them estimated "the truck was going about as fast as the bus was." However, he said "the truck got into the intersection first" and that the collision "took place to the left of the center of that intersection." The front of the bus struck the side of the truck just behind the cab after both attempted to swerve; the bus to the left and the truck to the right. No application of the brakes of the bus was noticed. The truck was overturned and ended on the sidewalk on the northwest corner. The bus driver said he had been driving 18 miles per hour between Washington and Lucas but slowed to 8 miles before entering the intersection and could have stopped at that speed in 25 feet. He estimated the speed of the truck at 25 to 30 miles per hour and said he did not see it the first time he looked approaching the intersection but after proceeding into the intersection got "a short glance" of it near the west end of the building on the corner. In a prior deposition, it was shown that the bus driver said he never saw the truck before the collision and he did not deny making such answers.

The driver of the truck testified by deposition that he was coming up to the intersection at 10 to 15 miles per hour but slowed up and changed gears before entering, then saw the bus about three car lengths (estimating a car length at 10 to 15 feet) from him going about 20 miles per hour. (He also said 15 or 20.) He said he swerved to the right but the bus ran right into him. He also said he entered the intersection first and was going about 10 miles per hour when struck.

Defendant says as to Instruction 1 that it was error to submit violation of the speed ordinance because it claims the evidence conclusively shows that violation of such ordinance was not the direct and proximate cause of the collision. Defendant's argument is: "There was no evidence in the instant case from which the jury could find that the collision could have been avoided had the defendant been traveling 15 miles per hour, or under," citing Bauman v. Conrad, Mo.App., 342 S.W.2d 284, 288, where it was said: "In other words, excessive speed is not the proximate cause unless it prevents the operator of the vehicle traveling at said excessive speed from avoiding the accident. It must be shown, as we have said, that the accident would not have occurred except for the excessive speed shown by the evidence." Defendant points out that there was no evidence of stopping distance at 15 miles per hour or at any speed except at eight miles per hour; and also that plaintiff failed to show the bus could have been swerved in time to have avoided the collision if going 15 miles per hour or less. Defendant also cites such cases as Callanan v. United Railways Co. of St. Louis, Mo. App., 232 S.W. 213; James v. United Railways Co. of St. Louis, Mo.App., 236 S.W. 1089; Maiwald v. Public Service Co. of New Hampshire, 93 N.H. 276, 41 A.2d 247; Aydelotte & Young v. Saunders, 182 Okl 226, 77 P.2d 50; Dallas Railway & Terminal Co. v. Walsh, Tex.Civ.App., 156 S.W.2d 320; Heagney v. Sellen, 272 Wis. 107, 74 N.W.2d 745, 75 N.W.2d 801; and 65 C.J.S. Negligence § 265, pp. 1195, 1197, to show

that plaintiff has the burden of showing negligent speed was the proximate cause of the collision and her injury.

■■■ In the Bauman case, the only evidence as to violation of an ordinance, limiting speed to 30 miles per hour, was the testimony of the plaintiff therein who said she only saw the car "about a second or two" before the collision and estimated its speed as "about 35 miles per hour," but also said the car "was between one and two feet from the car in which she was riding when she first saw it." The court pointed out there was no evidence as to the speed of the car in which she was riding or whether it had stopped at a stop sign, the speed of the other car at any other point, the width of the streets, the location of buildings or to show the relative positions of the cars before the collision. In this case, there were no stop signs, there was ample evidence of speed in violation of the ordinance with passengers estimating the bus speed at 20 to 30 miles per hour approaching and into the intersection, recollecting no application of brakes and saying the truck was in the intersection first and that the bus was to the left of the center of the street. There was also a substantial basis for finding that the bus driver did not see the truck until the collision occurred. "What is a proximate cause is ordinarily a jury question," Young v. Wheelock, 333 Mo. 992, 64 S.W.2d 950, 955, and cases cited; see also Thebeau v. Thebeau, Mo.Sup.Banc, 324 S.W.2d 674. "Causal connection, it is true, must be proved by the evidence, as a fact, and not be left to mere speculation and conjecture. The rule, however, does not require that there must be direct proof of the fact itself. This would often be impossible. It is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion therefrom may be fairly inferred," Pentecost v. St. Louis Merchants' Bridge Terminal R. R. Co., 334 Mo. 572, 66 S.W.2d 533, 536, and cases cited; see also Donnelly v. Goforth, Mo.Sup., 284 S.W.2d 462; Lyon v. Southard, Mo.Sup., 323 S.W. 2d 785, 787. Our conclusion is that the jury

reasonably could have found that under the facts as to speed and position of the truck, location of the bus, width of the streets and visibility at the intersection, which they reasonably could have believed, an alert bus driver would have had the ability to avoid a collision if the bus had been kept within the ordinance speed. Therefore, we hold that there was evidence to support this submission made by Instruction 1 and that it is not erroneous on that ground.

■ Defendant also claims that Instruction 1 assumed that plaintiff was injured which it says was "a hotly disputed fact." This part of the instruction was as follows: "[A]nd if you further find that in so violating said ordinance the defendant St. Louis Public Service Company failed to exercise the highest degree of care and was negligent and that said collision and injury to plaintiff occurred as a direct and proximate result of such negligence, then your verdict should be in favor of the plaintiff." As defendant says this does tell the jury that plaintiff was injured although, as plaintiff points out, the instruction earlier required the finding that the bus collided with a truck "thereby causing plaintiff to be injured." Plaintiff says: "Surely an instruction may assume any fact, after it once requires the jury to find that fact," citing Elgin v. Kroger Grocery and Baking Co., 357 Mo. 19, 30, 206 S.W.2d 501, 508. To do so may not be reversible error under the whole submission in some circumstances and that is what the cited case must mean. (See Costello v. Kansas City, 280 Mo. 576, 593, 219 S.W. 386, 391, cited in the Elgin case, which in effect so ruled.) However, we do not agree that it is proper because an instruction is conflicting in its terms, and may be misleading, when it requires a fact to be found and then assumes the fact. (See Piehler v. Kansas City Public Service Co., 360 Mo. 12, 226 S.W.2d 681, 685; Robinson v. Kansas City Public Service Co., 345 Mo. 764, 137 S.W.2d 548, 553.) Because of the view we take as to Instruction 4, we need not decide whether this assumption in Instruction 1 alone would be reversible error but on retrial the whole above-quoted part should be rewritten so as not to assume either injury or ordinance violation.

■■ Instruction 4 (submitting concurrent negligence of both defendants) plainly assumed the negligence of defendant and plaintiff frankly so admits, saying this instruction "left out the 'if anys' when referring to the negligence of the two defendants originally in this case, and did not refer to any other instructions, nor to the instructions in general, for any submission of such negligence." However, plaintiff argues this should not be held prejudicial because a finding of negligence was required by Instruction 1 and also by the burden of proof instructions (8 and 9) given by each defendant. However, Instruction 8 concerned only the co-defendant's negligence and Instruction 9 was a cautionary instruction not mentioning negligence. Instruction 4 authorized a verdict against both defendants upon finding that the truck driver was operating the truck on behalf of the defendant Wolford and in the course of his business and the further findings "that the negligence of the defendant, St. Louis Public Service Company, and the negligence of the defendant Wolford was joint and concurrent and contributed together to cause the collision in question, and that the plaintiff was injured as a direct and proximate result of the negligence of the defendant St. Louis Public Service Company and the defendant Wolford." Of course, it is error to assume a controverted issue. As said in the Piehler case, supra, 226 S.W.2d l. c. 684, such an assumption "tended to give plaintiff an advantage to which he was not entitled" and "ordinarily, when a controverted factual issue is first assumed it is not cured by subsequent requirements that it be found." Surely this would likewise be true vice versa. As to assumption of controverted matters see 53 Am. Jur. 477, Trial, Sec. 605; 88 C.J.S. Trial §§ 280–281, p. 752; Willey v. Fyrogas Co., 363 Mo. 406, 251 S.W.2d 635, 644 (assuming negligence); George v. Allen,

362 Mo. 971, 245 S.W.2d 848, 850; Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, 567, and cases cited.

Plaintiff says that we should look to the charge as a whole, citing Terrell v. Missouri-Kansas-Texas R. Co., Mo.Sup., 327 S.W.2d 230, 237, and also says the jury was not misled but ignored these assumptions because it rendered no verdict under Instruction 4 against both defendants. However, when we look at the charge as a whole, we find that Instructions 1 and 3 authorized separate verdicts against each defendant alone on exceeding the ordinance speed. Then Instruction 4 authorized a verdict against both, making the assumption that each was negligent. Instruction 5 authorized a verdict for defendant Wolford if the truck driver, whether negligent or not, was without authority to drive. Thus the jury could have considered Instruction 4 as assuming both drivers negligent but because of the agency submission found for Wolford on that theory. Our conclusion is that this conflicting submission was not fair to defendant, misleading to the jury and was prejudicially erroneous. Therefore it is not necessary to consider defendant's contentions concerning Instruction 13, as to certain items of damages not being supported by evidence, and concerning excessiveness of the verdict.

 However, because this case may be retried, we consider defendant's allegation of error in refusing Instruction A, claimed to submit the converse of an essential element of plaintiff's case, namely proximate cause. Defendant cites cases holding a defendant has the right to an instruction submitting the converse of any essential fact issue essential to the plaintiff's case and authorizing a defendant's verdict on finding such claimed fact was not true, such as Alberty v. Sunshine Biscuit Co., Mo.Sup., 321 S.W.2d 418 (no contact between vehicles); Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95; and Conser v. Atchison, T. & S. F. Ry. Co., Mo. Sup., 266 S.W.2d 587 (both submitting no

unusual jerk); and McCarty v. Milgram Food Stores, Inc., Mo.Sup., 252 S.W.2d 343 (no exclusive possession and control of a sign in a res ipsa case); as to converse submissions see also Dell'Aria v. Bonfa, Mo.Sup., 307 S.W.2d 479; Liebow v. Jones Store Co., Mo.Sup., 303 S.W.2d 660; Schaefer v. Accardi, Mo.Sup., 315 S.W.2d 230, 234. Since proximate cause was a jury issue, and one that had to be and was submitted by plaintiff, defendant was entitled to have the converse of this issue put to jury as an essential element of plaintiff's case. "Perhaps the best, as well as the most widely quoted, definition is the following: The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." 38 Am. Jur. 695, Negligence, Sec. 50; see also 65 C.J.S. Negligence § 103, p. 645; Black's Law Dictionary, 3rd Ed., 1457; Thebeau v. Thebeau, Mo.Sup. Banc, 324 S.W.2d 674, 678, and cases cited; Larsen v. Webb, 332 Mo. 370, 58 S.W.2d 967, 970, 90 A.L.R. 67 (violation of a speed ordinance). However, Instruction A only told the jury the plaintiff must prove "that the collision would not have occurred" if the bus had been traveling within the ordinance speed. This did not put to the jury the whole issue of proximate cause but only one restricted part thereof (a single clause of the definition), without regard to the duty of the bus driver to exercise the highest degree of care or to the facts as to the speed and position of the vehicles which the jury may have believed. A correct way to submit this issue would be to give the jury the whole definition and require a finding in accordance therewith that the negligence submitted was not a proximate cause; or it could be done by submitting findings of fact under which the negligence submitted could not be a proximate cause, as may be done in sole cause submissions.

The judgment is reversed and the cause remanded.

All concur.