**Robert J. WEBB, Plaintiff-Appellant,**

**v.**

**Wilma HAWKINS, Defendant-Respondent.**

**No. 33247.**

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied April 16, 1969.

Frank T. Farin, St. Louis, for plaintiff-appellant.

Lang & Ryan, St. Louis, for defendant-respondent.

TOWNSEND, Commissioner.

In this jury-waived case plaintiff sought a recovery for damages to his automobile, allegedly resulting from defendant's negligent operation of her motor vehicle. Defendant counterclaimed. The parties were the only witnesses. Without any specific finding and without opinion the trial judge rendered judgment for plaintiff on defendant's counterclaim and for defendant on plaintiff's petition. Plaintiff appeals.

This Court's consideration of an appeal in such a court-tried case is governed by Section 510.310, V.A.M.S. (Supreme Court Rule 73.01(d), V.A.M.R.): " * * * The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

*Plaintiff's Evidence:* The collision occurred at the intersection of Hall and Blase Streets in the City of St. Louis. Plaintiff was proceeding southwardly on Hall Street in the curb lane; defendant was travelling eastwardly on Blase. A divider about six feet in width separates the two southbound lanes on Hall Street from the two northbound lanes on Hall. There are no stop signs on Hall governing southbound traffic. The posted speed limit on Hall Street is 40 miles per hour. For eastbound traffic on Blase there is a full stop sign at Hall Street. When plaintiff first saw defendant the latter was about two car lengths west of Hall and had not yet reached the stop sign on Blase; at this time plaintiff was 175–200 feet to the north of the intersection with Blase. Plaintiff travelled on until he was about six car lengths north of Blase, at which time defendant started to pull into the intersection. Plaintiff had seen defendant make a stop at the stop sign on Blase; she remained stopped only a second or two. When defendant came to the stop on Blase she was looking to her right—to the south, and pulled into the intersection still looking to her right. At this time plaintiff's speed was approximately thirty-five miles per hour. Plaintiff applied his brakes and swerved his car to the right; his car skidded about fifteen feet. At the moment of impact defendant's car was approaching the inner southbound lane of Hall Street so that after impact defendant's car blocked

both southbound lanes. The left rear fender and front of plaintiff's car made contact with the left rear fender and left rear quarter panel of defendant's car. At impact plaintiff was still principally in the curb lane but slightly in the other southbound lane owing to the skidding. When plaintiff started to slow up he was five or six car lengths distant from defendant's car; at this point defendant was pulling into the intersection. Plaintiff was about three car lengths from defendant's car or "20–40 feet" when he began putting on his brakes.

*Defendant's Evidence:* On the occasion in question the defendant was accompanied by her two sons. As she travelled eastward on Blase she came to the stop sign at Hall and made the full stop before she pulled away from it. She looked to her left and then to her right and proceeded across Hall Street. She could see 175–200 feet to her left and when she looked in that direction she saw no cars. She crossed the first southbound lane of Hall Street and saw no car until her eight-year old son said "Look out, Mom" and then she was hit. She could give no estimate of plaintiff's speed. Getting out of her car she looked for skid marks but found none. At impact the front of her car was in the second southbound lane—"the whole car was almost completely across the front lane, first southbound lane". When plaintiff's car struck defendant's car the back end of defendant's car moved to the left "a foot or so". Plaintiff's car was damaged in the bumper and in the left front headlight. The extent of the injuries suffered by each was agreed upon.

Here only a plaintiff's appeal is before us. The judgment rendered by the trial court would be consistent either with a finding that defendant was not negligent or that plaintiff was contributorily negligent.

Reviewing the case in accordance with the command of the statute, we could not find that defendant was not negligent. We think that defendant's testimony points definitely to a conclusion of negligence on her part.

In such a court-tried case, "All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached". Sec. 510.310(2), V.A.M.S.

Defendant's answer pleaded the contributory negligence of the plaintiff.

In conformity with the statutory command, the trial court must be deemed to have found that plaintiff was contributorily negligent in the operation of his car. That leaves for consideration the question of the sufficiency of the evidence to support the judgment, for that question "may be raised whether or not the question was raised in the trial court". Sec. 510.310(4), V.A.M.S. Looking at plaintiff's own testimony we find that his testimony as to speed, his location when he started to slow his own car, his distance from defendant's car when he began to apply his brakes and his constructive knowledge of defendant's prior entry into the intersection, all taken together disclose a failure to exercise the highest degree of care in the operation of his car and so constituted sufficient evidence to support the implied finding of contributory negligence.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.