Raymond D. COLLINS,
Plaintiff-Appellant,

v.

Raymond BOWYER,
Defendant-Respondent.

No. KCD 27336.

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

James J. Wheeler, Keytesville, for plaintiff-appellant.

Jack Lukehart, Brunswick, for defendant-respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

This is an action for damages to automobiles occasioned by an intersectional collision. Plaintiff pleaded defendant's negligence, defendant pleaded plaintiff's contributory negligence, and also counterclaimed. Trial was to the court sitting without a jury, and only the plaintiff and the defendant testified as to the accident itself. Without making specific findings, the trial court rendered judgment for defendant on plaintiff's petition and for plaintiff on defendant's counterclaim. The plaintiff claims that the evidence conclusively established defendant's negligence and that there was no evidence from which negligence on the part of plaintiff could be inferred.

The testimony of plaintiff and defendant insofar as it addressed the particulars of the accident follows.

In April of 1970, plaintiff was a salesman for Central Soya Company. His territory covered 15 counties in northeast Missouri, and this employment required him to travel throughout these 15 counties. Around 2:50 p. m., on the afternoon of April 30, 1970, he was on his way to Indian Grove, Missouri from Salisbury, Missouri, and was headed north on Route F when he was involved in an automobile accident which is the subject of this litigation. He was driving a 1968 Buick Wildcat which was in good mechanical condition, and was traveling at a speed of 55 miles per hour. Route F is a blacktopped, farm-to-market road, and is intersected by an east-west gravel road some 3 miles south of Indian Grove. Ten feet east of Route F on the north side of the gravel road was a stop sign for traffic proceeding west on the gravel road. To the south of this intersection was a slight rolling hill which crested approximately 100 yards from the intersection. It had been drizzling on the day in question and the road was wet. Plaintiff had his windshield wipers in operation and had clear visibility ahead. As he crested the hill he observed a pickup truck (driven by defendant) entering Route F from the gravel road. The truck was coming from the east and was making a right turn to go north. Plaintiff said he started to apply his brakes, started sliding, and then, seeing he was not going to be able to stop in time, tried to go around the truck on the left. Plaintiff's right front bumper caught about three inches of the truck's rear bumper. Plaintiff testified that when the collision occurred, the truck was three feet west of the center line of Route F headed in a northerly direction (angled slightly to the east), and that his own automobile was completely on the west half of Route F. He estimated that his Buick Wildcat automobile was worth $1700 or $1800 less after the accident than it was worth immediately prior to the accident.

On cross-examination it was brought out that plaintiff called upon 25 or 30 customers in the 15 counties he serviced. He would see them about once every 10 days. On the day in question, he had a 3:00 p. m. appointment with Mr. Switzer in Indian Grove. He reiterated he was driving at 55 miles per hour and said he knew the blacktop was slick. He was familiar with the road, having driven it around 100 times before. He knew it was hilly and that it was intersected by side roads about every section. He also acknowledged that it would not be unusual for traffic to be entering Route F from these side roads. He testified that considering the conditions of the road he did not feel he could have stopped had he been going 45 miles per hour instead of 55 miles per hour. He could have possibly stopped had he been going 35 miles per hour. He then testified when he first saw the pickup truck it was approaching the stop sign and did not stop, but came on out

onto Route F. The pickup truck had gone about 10 or 20 feet north on Route F when the collision occurred.

On the afternoon of April 30, 1970, defendant had been visiting a friend in Chariton County, and upon leaving traveled the gravel road westward to Route F. He stopped at the stop sign, looked to see if there were any cars coming, and, seeing none, pulled onto Route F and headed north. He testified that he could not see south all of the way to the crest of the hill from the stop sign, because it was raining at the time and it was 45 paces from the intersection to the crest of the hill. It then seemed like his truck blew up as his truck was picked up and set over onto the berm of the road. The first time he knew he had been struck by another car was after the accident when he looked back through the rear window and saw the Buick Wildcat sitting in the ditch. Defendant was on his side of the road as far as he could be when he was struck. He also testified he had traveled 40 feet north on Route F when he was struck. While he and Mr. Collins were at the scene waiting for the highway patrolman, Mr. Collins told him, "You know, I didn't see you until about the time I hit you."

■ The case being decided below without opinion and without findings of fact, the judgment must be affirmed if it can be sustained on any reasonable theory supported by the evidence. McCrory v. Monroe, 336 S.W.2d 118 (Mo.App.1960); McIntosh v. White, 447 S.W.2d 75 (Mo.App. 1969). The judgment for defendant on plaintiff's petition can be supported by a finding that defendant was not negligent or by a finding that plaintiff was contributorily negligent. Webb v. Hawkins, 439 S.W.2d 768 (Mo.App.1969). Since all fact issues upon which no specific findings are made are deemed found in accordance with the result reached [Rule 73.01(b), V.A.M.R.], the judgment will be affirmed if the evidence supports either a finding that defendant

was not negligent or a finding that plaintiff was contributorily negligent.

■ The evidence supports a finding that plaintiff was contributorily negligent by driving at an excessive speed. Even though there was no evidence that plaintiff was driving in excess of the speed limit, this does not foreclose a finding that plaintiff was negligently driving at an excessive rate of speed. Whether a particular speed is high, dangerous and excessive depends upon the condition of the highway and the surrounding facts, circumstances and conditions existing at the time. Dorrell v. Moore, 504 S.W.2d 174 (Mo.App.1973); Calvert v. Super Propane Corporation, 400 S.W.2d 133 (Mo.1966).

Furthermore, while there was no direct and specific proof that the collision and resulting damage would not have occurred except for the excessive speed, such direct and specific proof of a causal connection between the excessive speed and the resulting damage was not required. " 'It is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion therefrom may be fairly inferred' ", Watt v. St. Louis Public Service Company, 354 S.W.2d 889, 891[1–3] (Mo.1962); Calvert v. Super Propane Corporation, supra.

Such a causal connection can be inferred from the evidence in this case. Plaintiff himself testified that he was familiar with this hilly stretch of highway, having driven it approximately 100 times previously. He knew that it was a farm-to-market road intersected by many gravel roads, and that it was not unusual for vehicles to be entering the highway from these gravel roads. Furthermore, he knew the blacktop was slick, and, even though he felt he could not have stopped within 300 feet had he been driving at 45 miles per hour, he was driving at 55 miles per hour. When he applied his brakes at 55 miles per hour, he immediately began sliding.

**194**

In the exercise of the highest degree of care, plaintiff was bound to anticipate the possibility of vehicles suddenly emerging from side roads, and had the duty of maintaining sufficient control of his vehicle as would enable him to avert a collision in the event a vehicle emerged from a side road. Marshall v. Bobbitt, 482 S.W.2d 439 (Mo. 1972). Yet by his own testimony, he knew that the side road was there, knew of the possibility of vehicles emerging therefrom, knew that the blacktop was slick, felt that he would not have been able to stop his vehicle within 300 feet had he been driving 45 miles per hour, but, nevertheless, proceeded to drive at 55 miles per hour. This evidence was sufficient to enable the trier of fact, the trial court in this case, to find plaintiff negligent and to find that this negligence directly contributed to cause damage to his automobile.

The judgment of the trial court, being supportable on a theory that plaintiff was contributorily negligent, the judgment is affirmed.

All concur.