**Paul A. MEYER, by and through his father and next friend, Donald Meyer, and Donald Meyer, Individually, Plaintiffs-Respondents,**

v.

**Susan J. McCann LANNING, Defendant-Appellant.**

**No. WD 31597.**

Missouri Court of Appeals, Western District.

July 21, 1981.

Paul Scott Kelly, Jr., Linda V. Gill, Gage & Tucker, Kansas City, for defendant-appellant.

Jimmie D. James, Independence, for plaintiffs-respondents.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

This suit arose out of an intersection collision between a motorcycle driven by Paul Meyer and an automobile operated by Susan Lanning. The jury returned a verdict in favor of defendant Lanning, but the court sustained Meyer's motion for new trial on the ground that the contributory negligence instruction which submitted excessive speed on the part of Meyer was not supported by the evidence.

On this appeal Lanning contends the excessive speed submission was supported by the evidence and was properly given. Reversed.

Just after 6:00 P.M. on March 8, 1978, Lanning was operating her Vega automobile north on Highway 7 in Blue Springs. As she reached the intersection of Highway 7 and R.D. Mize Road, she intended to turn left onto Mize. At this point the roadway of both Highway 7 and Mize is level and visible for some distance. The roadway was dry and the street lights were on, although the lighting was described as being dusk.

At the intersection Highway 7 runs in a north-south direction with two 11-foot lanes for through traffic and a 10-foot left turn bay. Mize runs east and west and was from 26 to 28 feet wide at the intersection. An overhead signal light hung over the center of the intersection. To the south of the intersection and at the northwest corner was a Kinney shoe store with a drive leading into that store located about 140–150 feet north of the intersection.

 The determination of whether or not there is sufficient evidence to submit an issue to the jury is a legal question and not an exercise of judicial discretion. *Bayne v. Jenkins*, 593 S.W.2d 519, 530[6–8] (Mo. banc 1980). Since the jury verdict was in favor of defendant Lanning, the evidence must be viewed most favorably to her. *Ryan v. Manheimer*, 435 S.W.2d 366, 370 (Mo. 1968).

Meyer, Lanning and three persons who were driving automobiles at or near the intersection at the time of the accident all testified. From the testimony of Lanning and the other three witnesses, the jury could have found that Lanning had moved into the intersection with her hood under the overhead signal light and the left front of her car was slightly across the centerline of Highway 7. She stopped in that position and waited for southbound traffic on Highway 7 to clear. There were southbound cars on Highway 7 pulling into the left turn bay to go east on Mize, but when the through traffic cleared, Lanning began to cross the centerline of Highway 7 and to turn left onto Mize.

Meyer had entered Highway 7 a few blocks north of the intersection and the jury could have found that when he was opposite the Kinney drive, some 140–150 feet back from the intersection, he began to accelerate from about 35 to at least 40 mph. The jury could have found that he continued to increase his speed until he attempted to stop in the intersection immediately prior to the collision. The jury could have found that as Lanning was sitting at the intersection waiting for traffic to clear she had her lights and left turn signal on, which was visible at least 150 feet north on Highway 7.

The jury could have found that when Lanning was attempting her turn and had much of her car across the centerline of Highway 7, that Meyer was 10–15 feet north of the intersection and continuing to accelerate. The jury could have found that the signal light for Meyer was either yellow or red at the time he entered the intersection. Meyer admitted that he attempted to stop after he had entered the intersection and the jury could have found that the collision was in the northwest quadrant of the intersection which measured about 14 feet north and south and 21 feet east and west. Meyer did not leave any skidmarks before he struck the Lanning car immediately behind the left front wheel.

The force of the collision was sufficient that the automobile was not drivable and the motorcycle was damaged so that Meyer testified its value had decreased from $1,000 to $200.

In *Watt v. St. Louis Public Service Company*, 354 S.W.2d 889, 891 (Mo. 1962) the court approved the holding in *Bauman v. Conrad*, 342 S.W.2d 284 (Mo. App. 1961) in which it was held that it must be shown that the accident would not have occurred except for the excessive speed shown by the evidence. The court in *Watt* further observed that the question of proximate cause is ordinarily a jury question and a casual connection must by proved by the evidence and not left to speculation and conjecture. The court continued:

" 'The rule, however, does not require that there must be direct proof of the fact itself. This would often be impossible. It is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion therefrom may be fairly inferred,' *Pentecost v. St. Louis Merchants' Bridge Terminal R. R. Co.*, 334 Mo. 572, 66 S.W.2d 533, 536, and cases cited; . . . . " 354 at 891[1–3].

In *Watt* the court concluded that if the bus driver had kept his speed within the ordinance limit he would have had the ability to avoid the collision. From a review of the facts set out above this court concludes that had Meyer not accelerated his speed from a point of 140–150 feet north of the intersection until he actually entered the intersection, he would have had the ability to avoid the accident. It follows there was sufficient evidence to submit the issue of excessive speed to the jury and the court improperly sustained the motion for new trial on that ground.

The judgment is reversed and this cause is remanded with directions to enter judgment for defendant Lanning on the jury verdict in her favor.

All concur.