Hillsborough, } No. 3500.
Feb. 6, 1945. }

MINNA MAIWALD *v.* PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

*McLane, Davis & Carleton* and *Robert P. Bingham* (*Mr. Bingham* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant.

JOHNSTON, J. In order to avoid collision with an automobile driven by one Frederick Kulbacki, the defendant's driver, Cochran

by name, applied his brakes and made an emergency stop. Both vehicles had stopped at Merrimack Street. Mr. Kulbacki got slightly the better start as the bus had to pull out from its stop. Both vehicles proceeded southerly, the bus 15 to 20 feet from the curb and the car some 3 feet easterly of the bus. The bus driver Cochran noticed the car when they were opposite the second store from Pleasant Street. The distance between the two cross streets was about 250 feet. When the bus was approximately 25 feet from Pleasant Street, which led from Elm Street on the right, Mr. Kulbacki abruptly, without warning of any sort, turned to his right across the path of the bus to go into the last-named street. When he started to turn, Kulbacki at the most was a car length in front of the bus. Some of the witnesses estimated the distance at 8 to 10 feet. At the start of the turn of the car, Cochran applied his brakes and stopped the bus in about 25 feet. According to him he missed the car by 4 or 5 inches; according to another witness he stopped within 2 feet of the car. No claim is made that the bus could have gone farther in the straight path it was following and so have eased the application of the brakes and avoided throwing the plaintiff, Mrs. Maiwald, from her seat. The application of the brakes was made in an emergency. It barely averted collision with the car.

Due care did not require Cochran to anticipate the abrupt turn in the path of the bus without signal when the car was not over a car length in front and the turn was such that the bus driver had only a distance of some 25 feet ahead of him in which to take saving action. The bus driver had the right of way. Although the driver was subject to the rule of reasonableness, he had the right to assume until he should have known otherwise, that the car driver would yield the right of way. Under the circumstances of this accident he had the right to this assumption until the car actually turned. The fault of the car driver was not of such degree or kind that it should have been anticipated as in the case of *Himmel* v. *Finkelstein*, 90 N. H. 78.

The emergency was not due to fault of the driver of the bus. He testified that the car stopped at the Pleasant Street crosswalk because of some pedestrians, although this fact is disputed and is not especially important. However the plaintiff argues that because he testified that he did not see the pedestrians until after he stopped and because he could not recall his distance from the car at the time he claimed it stopped, he was inattentive, did not notice the turn of Kulbacki as soon as he should have and so was to blame for the emergency. But failure to see pedestrians, if there were such, and failure to recall the distance of the bus away at a particular instant

were with respect to matters that were taking place when the driver was straining every nerve to avoid collision with the car. Engrossed in this purpose, the operator of the bus cannot reasonably be required to observe and to remember all details of the picture. From the failure to note certain circumstances under these conditions, it cannot reasonably be inferred that he was previously inattentive to the turn of the Kulbacki car, particularly when all the evidence concerning the application of the brakes is that it was made when Kulbacki "started to turn, . . . in wonderful shape; quick," and "immediately" when the car swung around in front of him.

It is argued that the speed of the bus was excessive. In considering a motion for a nonsuit or for a directed verdict, evidence most favorable to the plaintiff should be taken as true. With regard to the evidence on the speed of the bus it is difficult to say what evidence is most favorable to the plaintiff. The faster the bus was traveling, the less time there was for the driver to take action in the emergency. Whatever speed is taken for one purpose should be used for all purposes. One witness testified that the bus was going 25 to 30 miles an hour, but in view of the fact that he also said it was going at an ordinary rate of speed and that this was a business district where, according to the motor vehicle law, the limit for *prima facie* lawful speed was 20 miles an hour, this testimony may be unreliable. Other witnesses put the speed at 15 miles an hour. Probably the speed was actually less than 20 miles an hour. However it is claimed that there was evidence of bus speed at 25 to 30 miles an hour. Such speed could be found to be unreasonable. Was it findably causal? Speed, whether reasonable or not, is not causal of an accident unless it can be said that but for the speed as it was the accident would not have happened. Unless this is true, speed, even if negligent or in violation of a statute, is a condition only, such as location is frequently. The outstanding cause of the emergency and the accident was the abrupt turn to the right of the Kulbacki car when only 3 feet to the left and not over a car length in front, in such a manner that the bus had only about 25 feet in front of it in which to avoid a collision. To say that under the circumstances an accident would not have happened if the bus had been going at only 20 miles an hour or at a reasonable rate is guesswork. The plaintiff has failed to show except as a matter of conjecture that unreasonable speed of the bus, if any, helped to cause the accident. One is not liable for the aggravation of an accident unless one is a cause of it. *Martin* v. *Hodsdon, ante,* 66, 70. Speed merely because it is movement is not

evidence of negligence. It is not causal unless it prevents the one indulging in it from avoiding the accident or the one threatened from escaping its consequences.

Due to the conduct of the car driver, the bus driver was caught in an emergency for which he was not at fault. The plaintiff claims that he should have avoided the accident by turning to his left without such a violent application of the brakes. This is true if this was a reasonable means of preventing the accident and if there was time for its adoption. Mr. Cochran testified that he could not have avoided a collision by turning to the left, but the jury was not obliged to believe him. With the car only its own length away at most and 3 feet to the left at the start, the bus could not have turned to its left until the car had gotten sufficiently on its way to give the bus clearance. On the other hand the driver of the bus could not wait until the end of the 25 foot distance he had because some space would be required for the execution of the turn to the left. It has been pointed out that if the bus was 6 or 8 feet to the left of where it actually stopped, it would have cleared the car. Some application of the brakes might be required to gain time for making the suggested left turn. Whether it would have been possible for the bus under the circumstances at the right instant to have made a left turn and thus gained space for a less violent braking, so that the accident to the plaintiff would not have happened, we do not know. It is a problem for a mathematician. For the jury it was conjecture. A final answer to the argument of a left turn is that the driver of the bus did not have time to give thought to such a plan. He acted instinctively and put on his brakes hard proceeding in a straight course for his limited space of 25 feet. He just succeeded in preventing a collision. In the performance of this duty the plaintiff was thrown from her seat and injured. No fault of the bus driver can be predicated upon this fact. It is unnecessary to consider whether the rule stated in *Cooley* v. *Company*, 90 N. H. 460, 466 applies, as the operator had no time for rational thought and choice. At the rate of speed used above, 25 to 30 miles an hour, he had little over one-half second in which to avoid a collision; at the speed of 15 miles testified to by others he had about a second. If the proper turning point to the left was halfway of the 25-foot distance, assuming there to be such a point, the above figures should be reduced by one-half for giving thought to this plan and choosing it. It may be said that the application of the brakes in a manner not so sudden as to injure the plaintiff would lengthen the time for action, but this idea would not be

effective unless and until thought of and used. Failure to think when there is time for instinctive action only is not negligence. *Hersey* v. *Fritz*, 91 N. H. 484; *Collette* v. *Railroad*, 83 N. H. 210.

*Judgment for the defendant.*

All concurred.