Michael **DRADDY**, Plaintiff-Appellant,

v.

**WESTON TRAWLING CO.** and Schooner **Katie D. Co.**, Defendants-Appellees.

No. 262, Docket 29079.

United States Court of Appeals Second Circuit.

Argued March 15, 1965.

Decided May 3, 1965.

George J. Engelman, New York City, for plaintiff-appellant.

**946**

Timothy A. Hanan, New York City (Macklin, Hanan & McKernan, New York City, on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, and MOORE and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge:

Suit was commenced on the civil side of the District Court for the Southern District of New York to recover for personal injuries suffered by plaintiff in the course of his employment as a seaman. Plaintiff predicated his claim on theories of negligence and unseaworthiness and the case was tried before a jury. The jury returned a verdict against plaintiff, and this is an appeal from the judgment entered upon that verdict. We affirm.

There was abundant evidence upon which the jury could properly conclude that either the accident did not occur as plaintiff maintained or defendant was not negligent and did not breach its warranty of seaworthiness. Reversal is sought on the ground that the trial judge erred in his charge and that he erred in certain of his evidentiary rulings. We can perceive no reversible error on either score, and only the evidentiary rulings require brief comment.

Plaintiff had the job of guiding a trawl-wire, used in hauling a fishing net, so as to prevent it from piling up in a snarl as it was being hauled in and onto the starboard drum. He contends that he had been guiding the wire by palming it and that he had removed his hand from the wire and was waiting for it to go inboard when the wire went slack, snapped up, hit him in the chest and dragged him forward under the 3'9" high pipe guard in front of the winch, through a five or six inch opening between the horizontal bar and the drum, over the drum and onto the back of the winch. Starting from this version of the accident, which surely taxes the credulity of the most gullible, plaintiff in part particularized his charge of unseaworthiness by claiming that the starboard drum was not safely, properly and adequately guarded and that the war-ranty of seaworthiness had been breached by failing to equip the winch with a trawl-wire spooling guide. The trial judge allowed proof on both items; plaintiff had testified that a previous winch on the ship had been guarded by having a tin-house over its top and plaintiff introduced into evidence a safety manual for New England Fishing Vessels (published by U. S. Department of the Interior, Bureau of Commercial Fisheries), which had strongly recommended the installation of trawl-wire spooling guides. Plaintiff seeks reversal on the ground that the court erred in excluding photographs of the tin-house guard and spooling guides on other vessels and in striking testimony by an employee of the Bureau of Commercial Fisheries that the recommended spooling device was installed on approximately eight other fishing vessels.

Although this evidence was relevant to, though by no means dispositive of, the issue whether the equipment was safe and reasonably fit for its intended use, Mitchell v. Trawler Racer Co., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1961), the rulings are defended on the ground that it was within the discretion of the trial judge to exclude such evidence where the probative value is virtually naught and the risk of misleading the jury into believing that the tin-house guards and spooling guides were prevalent throughout the industry is substantial. See generally, Uniform Rules of Evidence, Rule 45. There is no need to assess this defense of the propriety of the evidentiary rulings, for even if it be assumed *arguendo* that there was error in excluding the evidence, this exclusion does not require reversal, 28 U.S.C. § 2111; Federal Rules of Civil Procedure, Rule 61. The error, if any, is certainly harmless. Not all proof of these items was excluded, the particular photographs and testimony in question were merely cumulative upon plaintiff's other proof and would not add materially to plaintiff's case; the other evidence in the record which is sufficient to support the jury's verdict, would not be discredited by these

items; and it is entirely possible that the jury returned a verdict against plaintiff, not because it thought the winch safe, but simply because it disbelieved plaintiff's account of how the accident occurred.

Affirmed.