**Florence BLUMENTHAL, Appellant,**

v.

**CAIRO HOTEL CORPORATION, Appellee.**

**No. 4455.**

District of Columbia Court of Appeals.

Argued Jan. 7, 1969.

Decided Aug. 7, 1969.

Allan J. Topol, Washington, D. C., with whom James C. McKay, Washington, D. C., was on the brief, for appellant.

Denver H. Graham, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

This is an appeal from a summary judgment entered by the court below in favor of appellee upon appellant's complaint that she suffered personal injuries and loss of property as a result of appellee's negligence.

The depositions of appellant and appellee's resident manager established the following: Appellant, a 63-year-old woman, rented from appellee by the month a single

room without bath on the eighth floor. She awoke before dawn to find an unknown intruder rifling her purse beside her bed and when she screamed he struck her in the face several times. Then, he disengaged the chain lock on the inside of the door of her room and fled into the hall with money from her purse. Shortly thereafter, a strange man walked through the lobby on the first floor and disappeared into the night. He was never apprehended.

Appellant's room contained two double sash windows, one of which was over a fire escape extending down the side of appellee's building to a point about 14 feet above the ground where it was suspended when not in use. Appellee had iron bars, some horizontal and some vertical, on the outside of its ground floor windows. The bars on those particular windows beneath the fire-escape were horizontal.

After the incident described above, the window onto the fire escape was found open, the screen covering that window had been removed, and potted plants which were ordinarily on the windowsill were lying on the fire escape. Appellant stated that before going to bed that night she had not checked whether the window on the fire escape was open or closed but that she thought it was closed since she kept the window closed and did not touch it most of the time. She further stated that she did not check the lock that night and she could not remember when she had last checked the lock.

Appellant deposed that approximately one year before the incident she told appellee's manager that the regular lock[1] on the fire escape window was broken and that appellee installed a side lock on the lower half of this window as a replacement for the broken lock. The side lock was operated by pushing in on a button and then tightening or loosening a screw either to lock in place or unlock the lower half of the window. Appellant described the side lock as "rusty and old", "loose", and "hard to work". She testified that before this incident she had mentioned to appellee's resident manager that she had had difficulty tightening and loosening the side lock.

Appellee's resident manager testified in his deposition that the regular window lock was operable, that the side lock had been installed not as a substitute for the regular lock but as a convenience to and at the request of appellant to enable her to keep the lower half of that window open but locked into place in order that she might keep fruit and other food cool on the window ledge. He denied that she had ever complained about the condition of the side lock.

Appellant's theory of the case is summarized in her brief as follows:

> [T]here is * * * evidence of facts which tend to establish appellee's negligence * * * (a) * * * appellee's failure to install an adequate lock on appellant's window leading to the fire escape despite her complaints, and (b) evidence of the condition maintained by appellee which facilitated ease of reaching the fire escape from the ground by means of horizontal bars across the ground floor window below the fire escape.

Appellant contends that a jury might reasonably infer from the evidence that appellee was negligent and that such negligence was the proximate cause of her injuries. She argues that even if the jury could also have drawn an inference from the evidence that appellee was not negligent the choice between conflicting inferences should have been left to the jury and the trial court erred in summarily entering a judgment for appellee. Baltimore & O. R. Co. v. Postom, 85 U.S.App.D.C. 207, 177 F.2d 53 (1949); Seganish v. D. C. Safeway Stores, Inc., 132 U.S.App.D.C. 117,

---

1. The so-called regular lock was at the middle of the window so that when it was on neither the upper half could be lowered nor the lower half raised.

406 F.2d 653, 656 n. 21 (1968). Both *Postom* and *Seganish,* however, point out that in order to gain the jury's consideration the plaintiff must first present evidence substantial enough to justify reasonable men in inferring that the defendant was negligent.

We hold that appellant's evidence was not sufficient to have required the trial court to submit the case to the jury and that the entry of summary judgment was proper. Appellant presented no evidence that she could not operate the side lock which appellee installed or that it was so defective as to be incapable of securing the window. Her testimony was only that this lock was old and *difficult to operate.* Furthermore, there was no evidence that appellant had locked ·the window on the night in question. She admitted that before going to bed she did not look to see if her window was locked and she could not remember when she had last checked the window to be certain it was locked. Although she thought the window was *closed* that night and she generally kept it closed she did not testify that it was *locked.*

Appellant points to her testimony that the regular lock on the window was broken. She argues that from this fact the jury could reasonably infer that the intruder lowered the upper half of the window which could not be locked in place and either entered her room that way or reached inside and loosened the side lock on the lower half of the window and raised it. We think that this approach requires undue speculation about what *could have been* rather than what was. There was no evidence that the upper half of the window was ever opened or tampered with by the housebreaker. Moreover, it is significant that appellant accepted the fact that the regular lock was broken for at least one year before the unlawful entry and made no complaint that the side lock alone was inadequate for her protection.

Appellant points to the evidence that appellee had horizontal iron bars across the first floor windows under the end of the fire escape. She contends that this physical arrangement permitted the intruder to climb the window bars in ladder-like fashion and reach the fire escape from whence he could move to her window. The difficulty with this argument is that there is no evidence that the intruder used the bars in such a way to make his way to appellant's room. We are not persuaded that reasonable men could find that appellee was maintaining a dangerous condition on its property by the mere fact that horizontal bars covered certain windows on the ground floor. Access to the fire escape 14 feet above the ground could have been obtained by a variety of means other than by climbing the bars on those windows.

The parties to this appeal have argued at length over the degree of care which appellee owed appellant. This jurisdiction does not recognize varying standards of care depending upon the relationship of the parties but always requires reasonable care to be exercised under all the circumstances. D. C. Transit System, Inc. v. Carney, D.C.App., 254 A.2d 402 (No. 4504, decided June 16, 1969). Cf. Kendall v. Gore Properties, Inc., 98 U.S.App.D.C. 378, 236 F.2d 673 (1956). We conclude that there was no genuine issue of material fact concerning the issue whether appellee exercised reasonable care and that the trial court correctly disposed of the case by summary judgment. See Yates v. District Credit Clothing, Inc., D.C.App., 241 A.2d 596, 598 (1968).

Affirmed.