UNITED STATES of America,
Plaintiff-Appellee,

v.

691.81 ACRES OF LAND, MORE OR
LESS, SITUATE IN CLARK COUNTY,
STATE OF OHIO, and William Ervin,
Defendant-Appellant.

No. 20758.

United States Court of Appeals,
Sixth Circuit.

June 10, 1971.

Kenneth G. Rush, Springfield, Ohio, for defendant-appellant, Rush, Henderson & Rush, Springfield, Ohio, Kenneth G. Rush, Springfield, Ohio, of counsel, on brief.

Dirk D. Snell, Dept. of Justice, Washington, D. C., for plaintiff-appellee; Shiro Kashiwa, Asst. Atty. Gen., George R. Hyde, Dirk D. Snell, Attys., Dept. of Justice, Washington, D. C., William W. Milligan, U. S. Atty., James E. Rattan, Asst. U. S. Atty., Columbus, Ohio, on brief.

Before WEICK, PECK and McCREE, Circuit Juges.

PER CURIAM.

Appellant, William Ervin, was the owner of 366.80 acres of land in Clark County, Ohio, which was taken by the United States of America on October 31, 1967, as part of a condemnation action for the building of a project known as the Buck Creek Reservoir. This action was consolidated with the taking of an-

other tract of land and a jury trial was had in the United States District Court for the Southern District of Ohio resulting in a judgment for appellant of $280,000.00. On this appeal, appellant raises two issues for our consideration. In the first issue, appellant contends that through some inadvertence or misunderstanding during the trial, the jury returned a verdict in a lower amount than the one decided upon during its deliberations, and that the District Court erred in denying appellant's motion for a new trial and in not permitting him to interview or examine the jurors several days after the trial to disclose the alleged discrepancy in their verdict. In the second issue, he contends that the District Court erred in granting a motion of the Government to quash a subpoena *duces tecum* which had been filed and served on the Chief of the Real Estate Division of the United States District Corps of Engineers in Louisville, Kentucky. We find appellant's contentions under the second issue herein to be meritorious and reverse and remand for a new trial.

The subpoena *duces tecum* was filed in the District Court on February 25, 1970, and was served two days later on Fred Morgan, the Corps of Engineers' Chief of the Real Estate Division in Louisville. It commanded him to appear and testify at trial, and to bring with him certain records concerning a purchase, without a condemnation action, by the Corps of Engineers of a tract of land described as the Paul Deer Farm, located within an eighth of a mile of appellant's farm. On March 3, 1970, on the eve of the trial, the Government filed a motion to quash the subpoena along with an affidavit stating that the Paul Deer Farm was purchased in September, 1968, under threat of condemnation for the same project for which appellant's property was taken and that the negotiation for acquiring said purchase "began sometime earlier." The following day, as the trial opened, the District Judge sustained the motion of the Government orally from the bench

without disclosing the basis for the ruling, stating only that "he found the [motion] to be well taken."

■ Disposition of the Government's motion to quash was required to be in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure. Under that rule, a court

"[M]ay (1) quash or modify the subpoena if it is *unreasonable and oppressive* or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things." (Emphasis supplied.)

There is nothing in the present record to indicate a finding as to whether the subpoena was "unreasonable and oppressive." The allegations of the Government which the District Judge received before granting the motion to quash went only to the question of the ultimate admissibility of the evidence at trial, and the arguments in the Government's brief before this court are directed to the same question. Since no opportunity had then been afforded to offer foundation or other evidence, we can only conclude that a premature ruling was made on the admissibility of this comparable sale evidence. Appellant was thus denied an opportunity to demonstrate the circumstances which may have rendered the comparable sale evidence competent and admissible. Under the present set of facts, appellant must be given an opportunity to introduce evidence before the question of admissibility can be validly ruled upon.

■ There is no absolute rule which excludes evidence of sales of similar property made subsequent to the condemnation action. United States v. 79.-39 Acres of Land, 440 F.2d 1190 (6th Cir., Mar. 25, 1971); United States v. Meadow Brook Club, 259 F.2d 41 (2d Cir. 1958), cert. denied, 358 U.S. 921, 79 S.Ct. 290, 3 L.Ed.2d 239 (1958). The possibility that the condemnation itself may have influenced the price the Gov-

ernment paid for the Paul Deer property may well disclose the presence of artificially inflated values in the sale price of that property. Nevertheless, this is merely a possibility which cannot be determined through use of a general exclusionary rule prior to trial. United States v. 63.04 Acres of Land, 245 F.2d 140, 144 (2d Cir. 1957). It has long been recognized that comparable sales of other properties provide the best evidence of value of property taken by condemnation when such sales are truly comparable. The ideal item of such evidence would be provided by the sale of the same piece of property immediately prior to the institution of the condemnation proceeding by a willing seller not under compulsion to sell to a willing buyer not under compulsion to purchase, and without knowledge on the part of either of the contemplated condemnation. For obvious reasons, however, evidence of this precise nature is seldom available. Therefore, the trier of fact must look to other comparable sales, making appropriate adjustment for differences in time and in the nature and location of the properties. The fact that the sales may be widely separated in time and that very substantial differences exist in, for example, the terrain, accessibility, natural resources and other characteristics of the properties involved must be taken into account by the trier of fact. However, of key importance in present context is the fact that such differences go to the weight of the evidence rather than, except in unusual instances, to the admissibility. The standard objection to proffered evidence of comparable sales is that differences in their dates and in the properties make the evidence either worthless or affirmatively misleading, presenting a legal issue for determination by the trial court in the exercise of its discretion. While as previously indicated this issue is usually resolved in favor of admissibility, the question should be resolved after the proponent of the evidence has had full opportunity to establish a foundation. It is significant to further note that there is thereby preserved a basis for appellate review where the alleged comparable sale evidence is excluded.

While the $280,000.00 verdict in the present case was within the limits of the Government's evidence, it was far below the amount appellant was attempting to prove. Appellant was entitled to the opportunity to establish a foundation for the offering of the comparable sale evidence, and if he could do so to have that evidence received. The granting of the motion to quash the subpoena *duces tecum* therefore constituted an abuse of discretion.

Since the cause will be remanded for retrial we do not consider other alleged grounds of error.

Reversed and remanded for new trial.