**UNITED STATES of America, Appellant,**

v.

**1,129.75 ACRES OF LAND, MORE OR LESS IN CROSS AND POINSETT COUNTIES, Arkansas, Appellee.**

No. 72-1450.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1973.

Decided Feb. 15, 1973.

---

Larry G. Gutterridge, Atty., Dept. of Justice, Washington, D. C., for appellant.

J. L. Shaver, Shaver & Shaver, Wynne, Ark., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.[*]

MATTHES, Chief Judge.

This is an appeal by the United States from a final judgment rendered pursuant to a jury verdict fixing the amount of just compensation at $22,800 for the taking of a flowage easement in connection with the St. Francis River Basin flood control project.

Condemnation proceedings were instituted against the 391 acre farm owned by appellees, Frances D. Thomas, Charles D. Thomas, and Margrave B. Melhorn, on October 15, 1964, under authority of 33 U.S.C. § 702a et seq., and

[*] Eastern District of Mchigan, sitting by designation.

other miscellaneous statutes. The estate taken was a "perpetual . . . right . . . to occasionally and intermittently overflow, flood and submerge" the land "in connection with the construction, operation and maintenance" of the project. On March 28, 1964, and for three days thereafter, the issue of just compensation was tried before a jury.

The only question presented for decision is whether the district court erred in refusing to permit the government to introduce evidence of comparable sales which occurred after the date of taking in this case. The court, in rejecting the proffered evidence, apparently entertained the view that regardless of the circumstances, evidence of subsequent sales would impose an "impossible condition" upon the general test applicable to ascertaining the fair market value of the property taken.

The government submits that the trial court abused its discretion by adopting a per se rule excluding all comparable sales made subsequent to the date of taking. We agree with the government, but for reasons stated below we nevertheless affirm.

When land is taken by eminent domain, and the title acquired is not a fee, but merely an easement, the proper measure of damages is the difference between the market value of the land free of the easement and the market value as burdened with the easement. Transwestern Pipeline Co. v. O'Brien, 418 F.2d 15, 21 (5th Cir. 1969); United States v. Merz, 306 F.2d 39, 42 (10th Cir. 1962), rev'd on other grounds, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964); Calvo v. United States, 303 F.2d 902, 909 (9th Cir. 1962); Karlson v. United States, 82 F.2d 330, 337 (8th Cir. 1936); 4 Nichols, Eminent Domain § 12.41 [2], p. 12–455 and n. 14 (collecting cases) (1971 ed.).

Generally, evidence of sales of comparable property is persuasive evidence of market value, either as direct proof or in support of a witness's opinion. United States v. 3,698.63 Acres of Land, 416 F.2d 65, 67 (8th Cir. 1969); United States ex rel. T. V. A. v. Easement and Right of Way, 405 F.2d 305, 308 (6th Cir. 1968); United States v. Sowards, 370 F.2d 87, 89–90 (10th Cir. 1966). The threshold question of admissibility, whether particular sales are sufficiently similar and proximate to the property in litigation to have some bearing on market value, must necessarily rest in the sound discretion of the trial court. United States v. Certain Land in City of Fort Worth, Texas, 414 F.2d 1029, 1031 (5th Cir. 1969); United States v. 55.22 Acres of Land, 411 F.2d 432, 434 (9th Cir. 1969); cf. United States v. Ham, 187 F.2d 265, 270 (8th Cir. 1951).

Courts have been reluctant to admit evidence of subsequent comparable sales to determine market value when (1) the particular sales involved were not sufficiently comparable to the litigated property in character, locality or time, or (2) the subsequent sale price reflected an important enhancement in value because of the project for which the land was taken. See cases collected in Annot., 85 A.L.R.2d 110, 152 (1962). In all of the recorded cases, however, the courts have refrained from adopting a per se exclusionary rule. See, e. g., United States v. 691.81 Acres of Land, 443 F.2d 461, 462–463 (6th Cir. 1971); cf. United States v. 2,187.43 Acres of Land, 461 F.2d 938, 940 (8th Cir. 1972). Judge Lumbard of the Second Circuit Court of Appeals, in reversing a lower court for excluding evidence of subsequent sales, observed:

"There is no absolute rule which precludes consideration of subsequent sales. The general rule is that evidence of 'similar sales in the vicinity made at or about the same time' is to be the basis for the valuation and evidence of all such sales should generally be admissible . . . including subsequent sales. . . . The generality of this rule is limited however, by the consideration that a condemnation itself may increase prices and the government should not have

to pay for such artificially inflated values. . . . But that possibility does not produce a hard and fast exclusionary rule. In every case it is a question of judgment as to the extent of this danger and, particularly where a judge is sitting without a jury, it would seem the better practice to admit the evidence and then to weigh it having due regard for the danger of artificial inflation."

United States v. 63.04 Acres of Land, 245 F.2d 140, 144 (2d Cir. 1957).

 Our disagreement with the trial judge in the instant case flows from the erroneous premise upon which he bottomed his ruling, to wit, that evidence of subsequent sales is never proper for consideration in arriving at fair market value. Stated differently, the trial judge failed to exercise his discretion. The law of evidence in federal courts favors a broad rule of admissibility and is designed to permit the admission of all evidence which is relevant and material to the issues in controversy, unless there is a sound and practical reason for excluding it. Rule 43(a), Fed.R.Civ.Proc.; [1] United States v. Sowards, *supra,* 370 F.2d at 90. In sum, we hold that under appropriate circumstances evidence of subsequent comparable sales is admissible as an aid to determining market value. Such sales should be particularly useful when the measure of damages, as here, is the difference between the market value before and after imposition of an easement. 5 Nichols, Eminent Domain § 21.31, p. 21–81 (1971 ed.). The question of admissibility of subsequent comparable sales is one to be decided on the facts of each case, and not by reference to a rigid exclusionary rule which has no rational foundation.

 Having determined that the trial court erred in adopting an exclusionary

rule with respect to any and all subsequent comparable sales, nevertheless we affirm the judgment on the ground that the error was harmless. The subsequent comparable sales excluded from evidence in this case were offered not as direct evidence of the after-value of the property in question but rather as a basis 'for the opinion of a government witness. Evidence of one subsequent comparable sale had already been admitted for this purpose,[2] and numerous prior sales were also in evidence. Two government appraisers testified to a decrease in value of $6,540 and $7,480, respectively. The landowners' experts, on the other hand, estimated just compensation at $32,000 and $33,050. The jury verdict of $22,800 lay well within these limits.

Affirmed.

---

1. See Rules 402 and 403, Fed.R.Evid., effective July 1, 1973.

2. A second case with a later date of taking was consolidated with this case for trial below. The comparable sale admitted in-

to evidence occurred subsequent to the date of taking in this case, but prior to that in the second case. The government's offer of proof rejected by the trial court included four comparable sales, all subsequent to both dates of taking.