Calvin R. HOPKINS, Appellant,

v.

George P. BAKER et al.

No. 75–1225.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 8, 1976.

Decided March 17, 1977.

Rehearing Denied April 15, 1977.

Glenn R. Graves, Washington, D. C., with whom Bernard Povich, Washington, D. C., was on the brief for appellant.

James C. McKay, Washington, D. C., with whom Matthew F. Medeiros, Washington, D. C., was on the brief for appellee.

Before BAZELON, Chief Judge, TAMM, Circuit Judge and JUSTICE,* United States District Judge for the Eastern District of Texas.

Opinion for the Court filed by District Judge JUSTICE.

Concurring opinion filed by Circuit Judge TAMM.

JUSTICE, District Judge:

On September 9, 1972, at approximately 10:00 P.M., appellant Calvin R. Hopkins

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

crossed the Penn Central railroad yards on his way to a bus stop at 36th and Benning Road, Washington, D. C. Finding his path blocked by a stationary train, Hopkins peered between two of the parked railroad cars. When the engine at the head of the line of cars began moving, Hopkins was knocked to the ground and run over by the train.

On April 9, 1973, Hopkins filed suit against Penn Central in the United States District Court for the District of Columbia seeking damages for the loss of both his legs, his left arm, and part of a finger. The case was first tried in June of 1974, but a mistrial was declared when the jury failed to agree upon a verdict. In December of 1974, a second trial concluded with a jury verdict and judgment in favor of Penn Central. This appeal followed.

We are presented with three points of error. First, appellant contends that the trial court erred in instructing the jury that appellant's violation of a District of Columbia Police Regulation could be considered as evidence of contributory negligence. Next, appellant argues that the trial court submitted an erroneous instruction regarding the law of "alternative routes". Finally, appellant complains of the trial court's limitation of testimony concerning prior public usage of the railroad property.

## I.

The following instruction on the breach of a District of Columbia Police Regulation [1] was submitted to the jury over appellant's objection: [2]

At the time that the incident under consideration occurred, the following regulation was in effect in the District of Columbia—I am quoting:

"No unauthorized person shall loiter, walk, ride, drive or otherwise trespass upon the tracks or upon the bridges or elevated or depressed structures carrying tracks, or upon locomotives or cars operated on tracks; or in tunnels or underpasses designed or used solely for the accomodation of ·tracks of any steam, diesel, or electric railroad company operating in the District of Columbia."

That concludes the quotation.

This regulation sets out the applicable standard of conduct which of itself normally fixes the duty of care required by a person in the same situation as the plaintiff.

Ordinarily, the unexplained violation of this regulation is negligence as a matter of law.

However, in this case the plaintiff has presented evidence which he claims excuses or justifies the violation. Therefore, the violation of this regulation is only evidence of negligence which you may consider along with all of the other evidence presented on that question.

Whether or not such negligence, if any, caused the injury is a separate question. Unlike this negligence proximately caused the injury, the fact of its existence is of no consequence.

Stated another way, if violation of the quoted section was not explained to your satisfaction and created a hazard which the regulation was intended to avoid, and which does in fact bring about the harm to the plaintiff which the regulation was intended to prevent, the violation is a legal cause of the harm. [3]

Appellant does not contend that the foregoing instruction was incorrectly drawn, or that it inaccurately apprised the jury of the effect to be given a statutory violation. [4] Rather, appellant argues that the Police Regulation in issue was rendered inopera-

---

**1.** Art. 25, § 13, District of Columbia Police Regulations.

**2.** There is uncontroverted evidence in the record that the Regulation had been violated.

**3.** Tr. 425–27.

**4.** The trial court refused Penn Central's proposed jury instruction regarding negligence *per*

tive or inapplicable by a prior ruling of this court. Specifically, appellant argues that this court's decision in *Smith v. Arbaugh's Restaurant, Inc.,* 152 U.S.App.D.C. 86, 469 F.2d 97 (1972), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973), precluded the jury's consideration of a statute which allegedly does no more than define the status of a trespasser on railroad property.

In *Arbaugh's Restaurant, supra,* it was held that the common law classification of a plaintiff injured upon the land of another could no longer govern the duty of care owed by the landowner. In discarding the outmoded taxonomy of the English common law, this court enumerated a single standard of reasonable care: "A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk."[5]

 In *Arbaugh's Restaurant* this court was not required to decide whether the common law standard of care toward trespassers should be preserved intact, or abandoned along with the "invitee" and "licensee" classifications. Thus, some confusion today exists regarding the landowner's duty toward an adult trespasser.[6] But even assuming that this court has eliminated the trespasser classification along with

all others, we perceive no error in the trial court's instructions. It can hardly be said that the mere inclusion of the word "trespass" in the Police Regulation somehow subverted an essentially[7] appropriate measure of personal conduct. Nor did the trial court's general instruction[8] on the railroad's duty suggest a governing standard less than reasonable care. Thus, under even the most expansive reading of the opinion in *Arbaugh's Restaurant,* we find no error in the trial court's instruction on the statutory violation.

## II.

 Another element of Penn Central's defense consisted of the allegation that appellant was contributorily negligent in proceeding through the railroad yards rather than adopting a safer alternative route. Accordingly, the trial court instructed the jury as follows:

Where a person who has a choice of two routes, one of which is known or should be known by him to be dangerous, and the other is safe and less dangerous, voluntarily choses [*sic*] the dangerous or less safe route, such person is guilty of negligence as a matter of law, and cannot recover from the defendant for any injuries suffered as a result of chosing [*sic*] and following the dangerous or less safe route.

se, hence the applicability of that doctrine is not presented by this appeal.

5. *Smith v. Arbaugh's Restaurant, Inc.,* 152 U.S. App.D.C. 86, 89, 469 F.2d 97, 100 (1972), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973).

6. Although the decision in *Arbaugh's Restaurant* was directed towards resolution of the licensee—invitee dichotomy that was then before the court, the rationale of that opinion would seem fully applicable to the trespasser problem as well. Nevertheless, it must be said that the issue is as yet unresolved in this jurisdiction. *See, e. g., Cooper v. Goodwin,* 155 U.S.App.D.C. 449, 478 F.2d 653 (1973) (concurring opinion of Judges Leventhal and Sobeloff).

7. We express no opinion as to the statutory purpose of the Police Regulation, nor as to

whether the violation of the statute brought about the harm which the ordinance was intended to prevent. *See, e. g., Ross v. Hartman,* 78 U.S.App.D.C. 217, 218, 139 F.2d 14, 15 (1943); *Whetzel v. Jess Fisher Management Co.,* 108 U.S.App.D.C. 385, 282 F.2d 943 (1960).

This issue, although not unimportant, was raised for the first time on appeal. Accordingly, we decline to consider it. *See, e. g., Brown v. Collins,* 131 U.S.App.D.C. 68, 402 F.2d 209 (1968).

8. "The Court instructs the jury that it was the duty of the defendant and its agents and servants, in the management of its train under their charge, to exercise reasonable care and caution to prevent any injury to persons upon the land of the defendants and any failure on their part would constitute negligence on the part of the defendants." Tr. 424.

It makes no difference that the dangerous or less safe route chosen may have been a shortcut or otherwise more convenient than the safer route.[9]

Appellant argues that the charge as given erroneously eliminated the standard of an ordinarily prudent person, and instead informed the jury that the choice of a more dangerous route constituted negligence as a matter of law. According to appellant, the generally accepted tort law, and that which should have been submitted to the jury, is as set forth in 65A C.J.S. NEGLIGENCE § 122, pp. 75–76:

> A person to whom two courses of conduct are open is required to exercise ordinary care in choosing which course he will pursue. If, under the same or similar circumstances, an ordinarily prudent person would not have so chosen, one having a choice is negligent in pursuing a course which is dangerous rather than one which is safe or even less dangerous. . . .
>
> However, ordinary care in making a choice between courses of conduct is all that is required.
>
> \* \* \* \* \* \*
>
> While the existence of a safe or safer course is to be considered in determining whether ordinary care was exercised, ordinary care does not require that every act be done in the safest way, and regard is to be had to all the other surrounding circumstances. *One is not guilty of negligence in pursuing a course of conduct that an ordinarily prudent person would choose under the same or similar circumstances, although there was open to him a safer course.* (Emphasis supplied.)

We are cited to no authority within this jurisdiction which either supports or disapproves the trial court's instruction. The only local decision submitted in support of the instruction falls far short of approving the language complained of by appellant.[10] Among the many other authorities cited, none would seem to sanction a suggestion to the jury that negligence is proven *ipso facto* by the failure to pursue a safer course of travel.[11] Indeed, the weight of authority suggests quite the opposite.[12]

Although we do not approve the "alternative routes" instruction as given below, we are unable to grant appellant relief premised upon it. Having failed to object to the instruction at the time of its submission, appellant has waived any error therein.[13]

### III.

■ Appellant's final point of error concerns the trial court's limitation of testimony regarding prior public crossings of the Penn Central railroad yard. For reasons of "remoteness", the trial judge restricted appellant's evidence of prior usage of the land to the single year 1972, and to the area consisting only of the precise path used by the plaintiff when he was injured. Appellant was thereby hampered in his effort to demonstrate that his presence on this occasion was foreseeable to the railroad.

This court's decision in *Arbaugh's Restaurant* mandated that the degree of care required of a landowner in a specific situation be evaluated partly in terms of the foreseeability of the plaintiff's presence. Believing that the finder of fact should focus on whether the landowner has exercised reasonable care under all the circumstances, it was stated that

> Foreseeability of the visitor's presence determines in part the likelihood of injury to him, and the extent of the interest

---

9. Tr. 427–28.

10. *Stewart v. Washington & Great Falls Elec. Ry. Co.,* 22 U.S.App.D.C. 496 (1903).

11. *See, e. g., Tharp v. Pennsylvania Ry. Co.,* 332 Pa. 233, 2 A.2d 695 (1938); *Felici v. Pennsylvania-Reading Seashore Lines,* 83 N.J.Super. 373, 200 A.2d 126 (App.Div.1964).

12. *See generally* W. Prosser, Torts § 31 at 148–49 (4th ed. 1971).

13. Rule 51, Fed.R.Civ.P.; *Price v. Neyland,* 115 U.S.App.D.C. 355, 320 F.2d 674 (1963).

which must be sacrificed to avoid the risk of injury.[14]

In this case, proof of prior usage by the public therefore comprised an important part of "all the circumstances" to be contemplated by the jury.

In earlier cases, where the question of trespasser status *vel non* has been presented, this court has noted that the extent of public use over a period of many years is a proper subject of the jury's attention.[15] We perceive no reason why, when the focus shifts from status to foreseeability, a more restrictive rule should obtain. We therefore find that the trial court erred in unduly restricting appellant's proof of prior usage to the single year 1972, and we proceed to an examination of the record below to ascertain whether this action affected the substantial rights of the parties.[16]

■ Although the record reflects that the jury received some evidence of public usage prior to 1972,[17] the record is also replete with instances in which appellant's witnesses were constrained from testifying about public usage in previous years.[18] It is true also that appellant's attorney was permitted to suggest, in closing argument, that public usage had been proven over the course of many years.[19] But the jury was plainly instructed not to regard argument as evidence[20] and we have no reason to believe that they did so. We are therefore unable to say that the fact of prolonged public usage was adequately established by other evidence.[21]

Simply put, the effect of the trial court's ruling was to deny the jury the opportunity to hear and evaluate most of the relevant evidence pertaining to a crucial element of the plaintiff's case. For this reason we hold that such action was indeed inconsistent with substantial justice.

REVERSED and REMANDED.

TAMM, Circuit Judge, concurring:

I reluctantly join in the court's conclusion that under the standard of *Smith v. Ar-*

---

**14.** *Smith v. Arbaugh's Restaurant, supra* note 5, 152 U.S.App.D.C. at 95, 469 F.2d at 106.

**15.** *Baltimore and Potomac Ry. Co. v. Golway,* 6 App.D.C. 143, 166 (1896):

> [I]t was proper to call the attention of the jury to the relative rights, duties and obligations of the respective parties at a place commonly used as a crossing, if the evidence showed it to be such a place. If it had been used as a crossing to such an extent as that the defendant must reasonably have known of such user, without objecting thereto and taking steps to prevent it, if indeed it had any right to prevent it, then the deceased was not a trespasser, and it was proper to tell the jury of the established distinction between the degree of care which a railroad company is bound to exercise toward a mere trespasser upon its tracks and towards those who may have occasion to cross them at a commonly used and resorted to for that purpose.

*See also Peyla v. Duluth, M. & I. Ry. Co.,* 218 Minn. 196, 15 N.W.2d 518 (1944).

**16.** 63 Stat. 105 (1949), 28 U.S.C. § 2111 (1952).

Since we hold that it was error to exclude evidence of pedestrians' use of the railroad yard prior to 1972, it is not necessary to decide whether the trial court's limitation of evidence as to other routes by which the public may have used the yard was also erroneous. The record is vague on this issue, and it was not extensively briefed or argued by the parties.

Nevertheless, in the retrial of this case the district court should take full cognizance of the clear policy of the *Federal Rules of Evidence* that all relevant evidence should be admitted unless there is a sound reason for excluding it. Fed.R.Evid. 402; *see United States v. 1,129.75 Acres of Land,* 473 F.2d 996, 999 (8th Cir. 1973). The existence and use of other routes through the railroad yard would certainly seem to have the tendency to make the foreseeability of plaintiff's presence in the yard more probable. It would therefore meet the relevance test of 401, *see* Fed.R.Evid. 401, and if it is to be excluded the district court should provide an articulated reason justifying that action.

**17.** Appellant testified that he had entered the railroad yard during the 1960's, Tr. at 48, and one of appellant's witnesses testified that he had traversed the yard ". . . between fifty and a hundred times" sometime after 1964. Tr. 169–70.

**18.** Tr. 51, 53, 169–70, 181.

**19.** Tr. 390, 411.

**20.** Tr. 416.

**21.** *See, e. g., Draddy v. Weston Trawling Co.,* 344 F.2d 945 (2d Cir. 1965).

baugh's Restaurant, Inc., 152 U.S.App.D.C. 86, 469 F.2d 97 (1972), cert. denied, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973), it was error for the district court to exclude the plaintiff's proffered evidence of the use of the railroad yard by unauthorized pedestrians. My reluctance arises not from any doubts as to the legal correctness of the court's decision, but rather from a practical concern that our action will only generate duplicative legal process yet leave the parties in exactly the same position as they are in now.

As a result of our decision today, this case must be completely retried in the district court. No doubt the evidence will be substantially the same as that in the previous trials of this same suit with the marginal addition of testimony about others' use of the railroad yard in the area of the plaintiff's accident. I cannot avoid the firm conviction that this marginal difference will not tip the evidentiary scales in plaintiff's favor so as to change the jury's conclusion that the railroad did not act negligently in the circumstances of this case.

Nevertheless, as an appellate court, we should not usurp the function of the trier of fact and I cannot say that the exclusion of this evidence was harmless error. See Fed. R.Civ.P. 61. The question of the extent to which the railroad could have foreseen plaintiff's use of the track yard as a walkway was not adequately established by other evidence. See Smith v. Bear, 237 F.2d 79, 89 (2d Cir. 1956). The evidence proffered was neither remote nor cumulative. See Jones v. United States, 387 F.2d 1004, 1007–08 (10th Cir. 1967), cert. denied, 392 U.S. 927, 88 S.Ct. 2284, 20 L.Ed.2d 1385 (1968). Although, as I have indicated, I doubt that the issue of foreseeability was determinative in the jury's verdict for the defendant I cannot find that it had no bearing on their decision. See United States v. Heyward-Robinson Co., 430 F.2d 1077, 1083 (2d Cir. 1970), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971); Larson v. General Motors Corp., 148 F.2d 319, 322 (2d Cir.), cert. denied, 326 U.S. 745, 66 S.Ct. 34, 90 L.Ed. 445 (1945).