WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Appellant,

v.

Sue Ellen WARD, Appellee.

No. 80–325.

District of Columbia Court of Appeals.

Argued May 12, 1981.

Decided July 17, 1981.

Richard H. McBurrows, Washington, D. C., for appellant.

Miller Marshall, Washington, D. C., with whom Brandon Carlon was on the brief, for appellee.

Before FERREN, Associate Judge, and PAIR and GALLAGHER, Associate Judges, Retired.

GALLAGHER, Associate Judge, Retired:

On May 9, 1975, appellee Sue Ellen Ward (Ward) entered the Northern Division bus garage of appellant Washington Metropolitan Area Transit Authority (WMATA) and sustained injuries when she slipped on an oil-absorbing compound known as Sta-Dri. Ward later sued WMATA for negligence, alleging that its employees carelessly permitted the Sta-Dri—which, though granular in appearance is extremely greasy after use—to remain on the garage floor well after it was needed, and failed to warn her of its presence. After a trial, the jury awarded Ward $100,000—subsequently reduced by post-verdict remittitur to $35,000 —and WMATA appealed. Finding error in the trial judge's charge to the jury, we reverse and remand for a new trial.

WMATA's position at trial was that Ward was trespassing on its property at the time of the accident. Relying on *Firfer v. United States*, 93 U.S.App.D.C. 216, 208 F.2d 524 (1953), WMATA argued that it owed Ward, as a trespasser, only a duty not to intentionally, wilfully, or wantonly injure her or maintain a hidden engine of destruction. Ward contended, to the contrary, that her status was in fact that of an invitee and that she accordingly was owed a duty of ordinary care.

Evidence was presented supporting each of these views. Ward testified that she went to the garage to deliver a fresh set of workclothes to her son (then an employee of WMATA), as she had done many times before. She was told by a group of men in coveralls who were standing at the garage entrance that her son was in the back of the garage and pointed the direction to him. After delivering the clothes, Ward said she

headed for the entrance but was forced to depart slightly from her previous route because an employee had begun washing his van in her original path. She said it was then that she slipped on the grease-impregnated compound she had supposed to be sand. There was further testimony from Ward's son that relatives of the employees were often on the premises and that no company rule prohibited their presence. WMATA, on the other hand, presented testimony that company rules prohibited the presence of outsiders on the premises without the permission of the shift supervisor, and that signs posted on and about the garage restricted admission to employees only. We think this evidence was sufficient to present to the jury the question of whether Ward was a trespasser, an invitee, or a licensee. *See Willis v. Stewart*, D.C. App., 190 A.2d 814, 816 (1963).

The trial judge, however, took the view that resolution of Ward's status *vis-à-vis* WMATA's property should not necessarily determine the degree of care owed her by WMATA. Erroneously, rejecting the authority of *Firfer, supra*, in favor of the post-reorganization case of *Smith v. Arbaugh's Restaurant, Inc.*, 152 U.S.App.D.C. 86, 469 F.2d 97 (1972), *cert. denied*, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973), the court instructed the jury that it should return a verdict for Ward if it found that WMATA "fail[ed] to act reasonably to maintain its property or access to it in a reasonably safe manner in view of all the circumstances." One of the circumstances enumerated by the court was the probability of the presence of others, and the jury was instructed that whether Ward was trespassing or had been invited into the garage was relevant in evaluating that circumstance. There was no suggestion, however, that lawful presence in the garage was a *sine qua non* of recovery for ordinary negligence.

In *Holland v. Baltimore & Ohio Railroad Co.*, D.C.App., 431 A.2d 597 (1981) (en banc), we recently held that *Firfer, supra* continues to state the law of this jurisdic-

tion regarding landowner liability to trespassers. A trespasser may generally only recover for injuries that were wilfully or wantonly inflicted, or caused by a hidden engine of destruction (*i. e.*, a trap). *Holland, supra* at 601; *Firfer, supra* at 219, 208 F.2d at 527. We declined in *Holland* to follow the D.C. Circuit's decision in *Arbaugh's supra*, insofar as it extended this reasonable care standard to trespassers. *See Holland, supra* at 599–600, 601.

As we noted in *Holland, supra* at 600 & n.5, *Arbaugh's* extension of a reasonable care standard to trespassers was strictly dictum. Judge Leventhal first pointed this out in his concurring opinion in *Arbaugh's* itself, *see* 152 U.S.App.D.C. at 97, 469 F.2d at 108, and later in his concurrence in *Cooper v. Goodwin*, 155 U.S.App.D.C. 449, 454, 478 F.2d 653, 658 (1973). Virtually every opinion of the Circuit Court since *Arbaugh's* has recognized the non-authoritativeness of its extension of the "reasonable care under all the circumstances" test to trespassers. *See, e. g., Cooper v. Goodwin, supra* at 454, 478 F.2d at 658 (Leventhal, J., concurring); *id.* at 455, 478 F.2d at 659 (Sobeloff, J., concurring); *Luck v. Baltimore & Ohio Railroad Co.*, 166 U.S.App.D.C. 283, 285 n.2, 510 F.2d 663, 665 n.2 (1975) (Tamm, J. joined by Robinson, J. and Hart, C. J., District Court for the District of Columbia); *Hopkins v. Baker*, 180 U.S.App.D.C. 163, 166 & n.6, 553 F.2d 1339, 1342 & n.6 (1977) (Justice, J., joined by Bazelon, J. (who himself authored *Arbaugh's* )). *See also Alston v. Baltimore & Ohio Railroad Co.*, 433 F.Supp. 553, 565–66 (D.D.C.1977) (Gasch, J.).

■ In light of the foregoing, it is clear that the trial court's charge—which was expressly based on *Arbaugh's* —was erroneous. The court's instructions failed to require the jury to determine whether Ward was lawfully on the premises or a trespasser, and then to apply the appropriate standard of care. The case must therefore be

*Reversed and remanded for a new trial.*

FERREN, Associate Judge, concurring:

I concur only because of this court's adherence to *Firfer v. United States*, 93 U.S. App.D.C. 216, 208 F.2d 524 (1953); *see Holland v. Baltimore & Ohio Railroad Co.*, D.C. App., 431 A.2d 597, 599–601 (1981) (en banc), which binds a division of this court. *See M. A. P. v. Ryan*, D.C.App., 285 A.2d 310, 312 (1971).

I agree wholeheartedly with the trial court that there should be a single standard of reasonable care under the circumstances, irrespective of the status of the entrant upon the land (trespasser, licensee, invitee). *See e. g., Smith v. Arbaugh's Restaurant, Inc.*, 152 U.S.App.D.C. 86, 96, 469 F.2d 97, 107 (1972), *cert. denied*, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973); *Rowland v. Christian*, 69 Cal.2d 108, 117, 70 Cal.Rptr. 97, 104, 443 P.2d 561, 568 (1968) (en banc); *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 548, 489 P.2d 308, 314 (1971) (en banc); *Pickard v. City & County of Honolulu*, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969); *Ouellette v. Blanchard*, 116 N.H. 552, 557, 364 A.2d 631, 634 (1976); *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 568, 352 N.E.2d 868, 872 (1976); *Mariorenzi v. Joseph DiPonte, Inc.*, 114 R.I. 294, 307, 333 A.2d 127, 133 (1975). *See generally* Comment, *The Common Law Tort Liability of Owners and Occupiers of Land: A Trap for the Unwary*, 36 Md.L.Rev. 816 (1977).

This court has abolished any distinction for these purposes between invitees and licensees, establishing a standard of "reasonable care to be exercised under all the circumstances." *Blumenthal v. Cairo Hotel Corp.*, D.C.App., 256 A.2d 400, 402 (1969); *see Holland, supra*, at 599–600; *D.C. Transit System, Inc. v. Carney*, D.C.App., 254 A.2d 402, 403 (1969). That standard should be extended to all entrants, *see Smith, supra*, 152 U.S.App.D.C. at 89, 469 F.2d at 100—keeping in mind that the foreseeability of the entrant's presence bears on the question whether the landowner acted with "reasonable care." *See id.* at 94–95 & n.46, 469 F.2d at 105–06 & n.46.

This case very well illustrates how status distinctions clutter the analysis. On the

facts here, the question whether Ward was an invitee, licensee, or trespasser is a most difficult, even impressionistic one. A digression into that thicket gets in the way of the only straight-forward—and proper—question for the jury: Did WMATA exercise reasonable care to protect Ward from injury, given all the circumstances including the extent to which WMATA indulged her presence on the premises?