**W. Simon KATZ, Plaintiff–Appellant,**

v.

**BATAVIA MARINE & SPORTING SUPPLIES, INC., Defendant–Appellee,**

and

**Def–Tec Corporation, Movant–Appellee.**

No. 92–1269.

United States Court of Appeals, Federal Circuit.

Jan. 19, 1993.

W. Simon Katz, pro se.

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

W. Simon Katz appeals the Order of the United States District Court for the Northern District of Ohio, quashing his subpoena for deposition and production of documents served on Def–Tec Corporation. We affirm the district court's order.

### Background

This request for third party discovery arose out of Mr. Katz's suit against Batavia Marine & Sporting Supplies in the Western District of New York, for infringement of United States Patent No. 4,220,263 entitled "Combined Holder for Keys and Protective Spray", assigned to Mr. Katz. During discovery of Batavia Mr. Katz learned that Batavia had purchased various Smith & Wesson tear gas products. Attempting to identify the products, Mr. Katz contacted the Def–Tec Corporation, described as successor in interest to this Smith & Wesson operation. A Def–

Tec vice-president apparently agreed to cooperate in discovery.

Mr. Katz served Def–Tec with a notice of deposition and subpoena duces tecum. The deposition was to be taken at Def–Tec's location in Ohio, since that was where the witnesses and documents were located. The subpoena was issued by the District Court for the Northern District of Ohio, and provided:

### DOCUMENTS AND THINGS BE PRODUCED

1. All documents or things in the possession or under the control, of the deponent relating to the acquisition, purchase or sale of the assets of General Ordnance and Equipment Company, and or Smith & Wesson Chemical Company and or Lake Erie Component Company, a/k/a LECCO, or any predecessor or successor in interest to any such person.

2. All documents or things in the possession of, or under the control of, the deponent relating to the acquisition, ownership, purchase or sale of any patent or trademark, or any pending or abandoned application therefor, or any right, title or interest to, or under, such patent or trademark or application, to, or from, any person, whatsoever.

3. All documents or things evincing ownership, transfer of ownership, or license of any United States Letters Patent or Trademark, in any way connected with the manufacture or sale of any product sold under the name of "MACE" by the deponent, or any predecessor in interest or successor in interest, licensor or licensee of, or to, the deponent or any other person, including, but not limited to any such licensee, assignee or assignor thereof, or thereto.

4. All documents or things related to the manufacture, advertising, marketing or sale, to the general public, of the product known as the "Mace" "Mk–VI" or "Mk–X".

5. All documents or things related to the design, tooling and development of the product known as "Mace" "Mk–VI" or "Mk–X" including, but not limited to,

pre-design and pre-production notes, shop drawings, development drawings, patent related studies, production drawings and prints, market studies and product evaluation reports.

Def–Tec sought relief from discovery, stating that Katz sought discovery of trade secrets and proprietary information, that a competitor of Def–Tec was party to the litigation, and that the Notice did not contain reasonable particularity as to what information was sought, as required by Rule 30(b)(6). The district court held that Mr. Katz had not established that the discovery was necessary and relevant, in response to Def–Tec's *prima facie* showing that it was oppressive.

## Discussion

### I

■ An order denying or granting discovery is ordinarily not appealable. However, an order denying discovery of a nonparty, issued by a court ancillary to the pending action, is final and appealable. *See* 5A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 45.05[3] at 48 (2d ed. 1992); *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1020–21, 228 USPQ 926, 928–29 (Fed.Cir. 1986); *see also Micro Motion Inc. v. Kane Steel Co. Inc.*, 894 F.2d 1318, 1320, 13 USPQ2d 1696, 1697 (Fed.Cir.1990) (reviewing grant as well as denial of discovery of nonparty). Discovery rulings are subject to the abuse of discretion standard of review. *United States v. 691.81 Acres of Land*, 443 F.2d 461, 463 (6th Cir.1971); *Heat & Control, Inc.*, 785 F.2d at 1022, 228 USPQ at 930.

■ It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes. Federal Rule 26(b)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action....

Relevancy for the purposes of Rule 26 is broadly construed. *E.g., Micro Motion Inc.*, 894 F.2d at 1326, 13 USPQ2d at 1701–02. However, the potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case. *See* Rule 26(b)(1); *Micro Motion Inc.*, 894 F.2d at 1322–23, 13 USPQ2d at 1699.

■ Discovery of persons not party to the litigation is contemplated by the Rules. Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances. *See American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738, 3 USPQ2d 1817, 1819 (Fed.Cir.1987) (affirming district court's restriction of discovery where nonparty status "weigh[ed] against disclosure"); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y.1988) (nonparty status a significant factor in determining whether discovery is unduly burdensome), *aff'd*, 870 F.2d 642, 10 USPQ2d 1247 (Fed.Cir.1989); *Richards of Rockford, Inc. v. Pacific Gas & Electric Co.*, 71 F.R.D. 388, 390 (N.D.Cal.1976) (deponent's nonparty status considered in deciding motion to compel testimony and production of documents).

■ Def–Tec argued that the subpoenaed information was not relevant, and that it included matter generally viewed as confidential, *see American Standard Inc.*, 828 F.2d at 740, 3 USPQ2d at 1820 (product formulas, product fabrication, and marketing plans are generally viewed as confidential), and should not be subject to discovery. Def–Tec alternatively requested a protective order. Such an order, however, "does not eliminate the requirements of relevance and need for the information." *Micro Motion*, 894 F.2d at 1325, 13 USPQ2d at 1701. The district court, following a hearing, quashed the subpoena.

Mr. Katz states on this appeal that he is not seeking confidential information, that none of the requested information had been specifically identified by Def–Tec as confidential, or reviewed by Def–Tec's counsel or by the court for confidential content. The district court correctly placed the bur-

den on Mr. Katz to establish a need for the breadth of the information sought, in response to Def–Tec's *prima facie* showing that the discovery was burdensome. Mr. Katz did not meet that burden before the trial court, or on this appeal.

The litigation between Mr. Katz and Batavia, according to the limited information before us, relates to a patented key ring structure containing a tear gas product. The notice of deposition and description of the documents to be produced, on their face, exceed the narrow scope of this issue. We conclude that the district court did not abuse its discretion in denying the requested discovery, on the ground that Mr. Katz had not shown a need for the broad range of information requested.[1]

## II

Mr. Katz states that Def–Tec, through its vice president Mr. Mako, had agreed to the requested discovery and had requested that it take place at the Ohio plant on the date stated in the subpoena, and that only after Mr. Katz had appeared on the appointed date was he told that Def–Tec would not appear. Def–Tec's counsel had mailed to Mr. Katz two days earlier, by regular mail, a copy of the motion to stay discovery that had been filed with the district court.

We take note of the unlikelihood that regular mail would be expected to be delivered in New York the day following its mailing in Ohio. No attempt at telephone contact was made. Def–Tec surely had an obligation to advise Mr. Katz in a timely way of its changed position. We disapprove such uncivil behavior on the part of Def–Tec and its counsel, and award costs under Fed.R.App.P. 39 to Mr. Katz.

AFFIRMED.

1. A 1991 amendment to Rule 45 addresses subpoenas that would require the disclosure of trade secret or confidential information, and authorizes the quashing of such a subpoena unless the party serving it shows "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed.R.Civ.P. 45(c)(3)(B). The district court's ruling is in accord with this amendment.