State of WYOMING, Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE et al., Defendants,

and

Wyoming Outdoor Council et al., Intervenors.

Misc. No. 02–0252 (RMU).

United States District Court, District of Columbia.

July 9, 2002.

---

Michael Lee Martinez, Crowell & Moring, L.L.P., Washington, DC, Thomas J. Davidson, Wyoming Attorney General's Office, Harriet M. Hageman, Hageman & Brighton, Special Assistant Attorneys General, Cheyenne, WY, for plaintiff.

Scott L. Nelson, Public Citizen Litigation Group, Elizabeth T. Sheldon, Baach Robinson & Lewis, Washington, D.C., James S. Angell, Earthjustice Legal Defense Fund, Denver, CO, for non-party witnesses.

Andrea L. Berlowe, United States Department of Justice, Environmental & Natural

Resources Division, General Litigation Section, Washington, D.C., for defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; GRANTING THE NON-PARTY WITNESSES' MOTIONS TO QUASH THE PLAINTIFF'S SUBPOENAS

### I. INTRODUCTION

This motion arises from pending litigation in the United States District Court for the District of Wyoming ("the Wyoming proceeding"). In that case, the State of Wyoming ("the plaintiff" or "Wyoming") filed suit against the United States Department of Agriculture ("USDA") and its subdivision, the United States Forest Service ("Forest Service") (collectively, "the defendants"), challenging the forest-management actions known collectively as the "Roadless Regulations." In the underlying suit, Wyoming claims that the USDA violated the Federal Advisory Committee Act ("FACA"), 5 U.S.C.App. 2 § 1 *et seq.*, in issuing the Roadless Regulations and seeks to block their implementation.

The matter comes before this court on Wyoming's motion to compel production of documents pursuant to Federal Rule of Civil Procedure 45 against non-party witnesses United States Public Interest Research Group ("USPIRG"), Heritage Forest Campaign ("HFC"), and Earthjustice Legal Defense Fund ("Earthjustice") (collectively, "non-party witnesses"). Wyoming seeks these documents because it believes the documents will help it prove that the USDA violated the FACA. The non-party witnesses object to the subpoenas, contending that: (1) the discovery requests are overbroad, unduly burdensome, and unduly invasive of their privacy rights; (2) the information sought is neither relevant nor likely to lead to evidence relevant to the Wyoming proceeding; (3) the documents are cumulative and duplicative of those available from the parties in the Wyoming proceeding; and (4) compliance would result in infringement of the non-party witnesses' First Amendment rights to free association and to petition the government.

The court agrees with the non-party witnesses' arguments. Accordingly, the court denies the plaintiff's motion to compel the production of documents and grants the non-party witnesses' motions to quash the subpoenas.

### II. BACKGROUND

In May 2001, Wyoming filed suit in the United States District Court for the District of Wyoming (Dkt. No. 01cv0086–B) challenging the Roadless Regulations, a group of interrelated roadless and forest-management actions issued by the USDA during the last year of the Clinton Administration.[1] Pl.'s Mot. to Compel at 2. For example, one of the challenged regulations, the Road Management Rule, shifts the Forest Service's emphasis away from development and construction of new roads within the National Forest System to maintaining needed roads and decommissioning unneeded ones. 36 C.F.R. § 312 *et seq.* Wyoming challenges these regulations based on the belief that they impair forest health, deny access to large parts of the National Forest System, deny access to lands owned by the State of Wyoming, deny access to privately owned land, and violate numerous laws and regulations. Pl.'s Mot. to Compel at 3.

In its complaint in the Wyoming proceeding, the plaintiff alleges that the USDA conceived, developed, and adopted the Roadless Regulations in violation of the FACA. Pl.'s Mot. to Compel at 4. Specifically, in Count VI, Wyoming claims that the USDA established an "advisory committee"—which represented only the interests of the national environmental organizations, including the non-party witnesses—to assist the defendants in formulating the Roadless Regulations. *Id.* at 4. Wyoming alleges that the USDA violated the FACA by failing to (1) file a formal charter, (2) publish notice of

---

1. The Roadless Regulations include the Roadless Area Conservation Final Rule, 36 C.F.R. § 294 *et seq.*, revisions to the National Forest Management Act Planning Regulations, 36 C.F.R. § 219 *et seq.*, the Forest Transportation System Final Administrative Policy, Forest Service Manual § 7712.16, and the National Forest System Road Management Rule, 36 C.F.R. § 212 *et seq.*

meetings in the Federal Register, (3) ensure the meetings were open to the public, (4) keep minutes of each meeting, (5) designate a federal officer to be present at each meeting, and (6) ensure that membership of the committee represented a cross-section of groups interested in the subject. *Id.* at 5. Furthermore, Wyoming charges that the non-party witnesses subject to this motion provided critical research data, legal memoranda, advice, and recommendations to the USDA regarding the development of the Roadless Regulations. *Id.*

In its discovery request, Wyoming seeks a broad range of documents from each of the non-party witnesses. Pl.'s Mot. to Compel Ex. G. The requested information includes copies of all documents the non-party witnesses possess involving the Roadless Regulations; all documents the non-party witnesses sent or received about the Roadless Regulations to or from any member of the USDA, the Forest Service, the Council on Environmental Quality, the HFC, the Wilderness Society, the Natural Resources Defense Council, USPIRG, Earthjustice, the Audubon Society, the Sierra Club, the Coalition on the Environment and Jewish Life, the Wyoming Outdoor Council, Biodiversity Associates, the Pacific Rivers Council, the Defenders of Wildlife, and/or any other conservation or environmental group; all documents related to meetings or conversations held with a member or agent of any of these groups with regard to the Roadless Regulations; reports, documents, notes, memoranda, or letters that relate in any way to any of these groups; and all "daytimers," calendars, and/or diaries from January 1999 to January 2001 that relate to the non-party witnesses' activities undertaken on behalf of the USDA. *Id.*

On May 15, 2002, the plaintiff served subpoenas on the non-party witnesses. *Id.* at 9. The non-party witnesses refused to produce the requested documents. *Id.* at 10–12. On June 3, 2002, Wyoming filed a motion to compel the non-party witnesses' production of documents in this court pursuant to Fed-

eral Rule of Civil Procedure 45.[2] The court now turns to that motion.

## III. DISCUSSION

### A. Legal Standard on Scope of Discovery

■ Generally, courts construe the scope of discovery liberally in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and "the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). Courts may limit discovery, however, if

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2).

■ Courts can limit discovery to "that which is proper and warranted in the circumstances of the case." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed.Cir.1993). Courts should balance the need for discovery against the burden imposed on the person ordered to produce documents. *Id.* Non-party status is one of the factors the court uses in weighing the burden of imposing discovery. *Id.* An undue

---

**2.** The plaintiff properly filed this miscellaneous action in this court since Federal Rule of Civil Procedure 45 allows parties to serve subpoenas at any place within 100 miles of a non-party's

place of business. FED. R. CIV. P. 45(b)(2), 45(c)(3)(A). USPIRG, HFC, and Earthjustice all have offices in Washington, D.C.

burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed. *Flatow v. Islamic Republic of Iran,* 196 F.R.D. 203, 206–07 (D.D.C.2000).

### B. The Court Denies the Plaintiff's Motion to Compel the Production of Documents

In this case, the plaintiff believes the non-party witnesses possess information that is crucial to proving its claim that the USDA violated the FACA in creating and implementing the Roadless Regulations. Pl.'s Mot. to Compel at 19. The plaintiff argues that the requested items would show that a federal agency formed an illegal group, including the non-party witnesses in this case, for the specific purpose of obtaining advice and recommendations about the Roadless Regulations. *Id.* The plaintiff also submits that the documents would demonstrate that this alleged group was so closely tied to the federal agency that it was subject to its strict management. *Id.* Moreover, anticipating the non-party witnesses' First Amendment objection to the production of documents, the plaintiff argues that the Constitution does not endow the non-party witnesses "with a blanket privilege that insulates them from being required to fully and fairly respond to their discovery." *Id.* at 21.

Labeling the subpoenas as an "invasive fishing expedition," USPIRG counters by arguing that (1) Wyoming's requests are overbroad and unduly burdensome, (2) Wyoming's requests seek discovery of information that is irrelevant to the Wyoming proceeding; (3) Wyoming's requests call for the production of documents that Wyoming can obtain from the federal defendants; and (4) compliance with Wyoming's requests would result in infringement of USPIRG's First Amendment right of association and right to petition the government. USPIRG's Cross–Mot. for a Protective Order and to Quash Subpoenas ("USPIRG's Opp'n") at 5–6. Earthjustice objects on the same grounds and on the grounds of the attorney-client

privilege and the work-product privilege. Earthjustice's Opp'n to Pl.'s Mot. to Compel ("Earthjustice's Opp'n") at 10. HFC echoes USPIRG's objections, characterizing the discovery requests as an "intrusive, ideologically motivated attempt by a state fighting environmental regulations to intrude into the strategy and policy ideas of environmental groups." HFC Opp'n to Mot. to Compel and Mot. to Quash ("HFC's Opp'n") at 2. HFC notes that any discovery documents relevant to the issue of whether the United States "established or utilized" an "advisory committee" would lie in the hands of the USDA or the Forest Service, the defendants in the underlying case. *Id.* at 6.

For the reasons that follow, the court denies the plaintiff's motion to compel the production of documents and grants the non-party witnesses' motions to quash the subpoenas. ·

### 1. The Federal Advisory Committee Act

■ The threshold issue before the court is whether the information Wyoming seeks is relevant to its claim that the defendants violated the terms of the FACA in the process of promulgating the Roadless Regulations. The court concludes that it is not.

■ Under the FACA, the term "advisory committee" is defined as a "committee, board, commission, ... or other similar group ·... which is—(A) established by statute or reorganization plan, or (B) established or utilized by the President, or (C) established or utilized by one or more agencies." 5 U.S.C.App. 2 § 3. In determining whether a group advising the government fits within the statutory framework of the FACA, the Supreme Court has cautioned that the terms "established" and "utilized" must be clarified. *Public Citizen v. U.S. Dep't of Justice,* 491 U.S. 440, 452, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). The D.C. Circuit has interpreted the Supreme Court's decision in *Public Citizen* to limit the FACA to "groups organized by or closely tied to the Federal Government ...." *Food Chemical News v. Young,* 900 F.2d 328, 332 (D.C.Cir.1990) (quoting *Public Citizen,* 491 U.S. at 461, 109 S.Ct. 2558). In other words, in terms of 5 U.S.C.App. 2 § 3's "established" option, Congress intended the

FACA to cover situations in which the federal government itself establishes an advisory committee. *Public Citizen,* 491 U.S. at 462, 109 S.Ct. 2558. To determine if a committee not established by a government agency is "utilized," the D.C. Circuit examines whether the federal agency has "actual management or control of the advisory committee." *Byrd v. EPA,* 174 F.3d 239, 246 (D.C.Cir.1999); *see also People for the Ethical Treatment of Animals v. Barshefsky,* 925 F.Supp. 844, 848 (D.D.C.1996).

In its motion to quash the subpoenas, HFC persuasively contends that, to the extent there may be evidence of the formation or control of an "official" committee to advise the USDA on the Roadless Regulations, all relevant documents would be in the hands of the federal defendants, and thus intrusion into the activities of the non-party witnesses is unwarranted and unnecessarily burdensome. HFC's Opp'n at 2–3. The non-party witnesses also point out that Wyoming's requests go beyond seeking information about the non-party witnesses' contacts with the government since they seek internal communications and strategic communications on policy issues with other environmental advocacy groups. HFC's Opp'n at 3; Earthjustice's Opp'n at 7; USPIRG's Opp'n at 4. The court agrees.

█ As explained previously, the D.C. Circuit has instructed that the government alone can establish an advisory committee under 5 U.S.C.App. 2 § 3 and defines "utilized" so narrowly as to admit only those groups into the FACA statutory scheme that are under strict management or control of the government agency. *Public Citizen,* 491 U.S. at 462, 109 S.Ct. 2558; *Byrd,* 174 F.3d at 239. Thus, the non-party witnesses correctly point out that the requested documents fall outside the scope of discovery needed for Wyoming to prove its claim that the *government* violated the FACA. *Byrd,* 174 F.3d at 246. In short, the documents are irrelevant to the plaintiff's claim. In addition, the discovery sought is obtainable from another source that is more convenient, less burdensome, and less expensive. FED. R. CIV. P. 26(b)(2). Moreover, the discovery is "unduly burdensome" considering the non-party status of

the witnesses. *Id.; see also Katz,* 984 F.2d at 424.

### 2. The Non–Party Witnesses' First Amendment Claims

In rejecting a request for an organization's membership lists, the Supreme Court has addressed the protection the First Amendment provides parties against compelled disclosure of discovery. *NAACP v. Alabama,* 357 U.S. 449, 460–61, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). "[I]t is immaterial whether the beliefs sought to be advanced by association pertain to political, economic, religious or cultural matters, and state action which may have the effect of curtailing the freedom to associate is subject to the closest scrutiny." *Id.* In addition, courts have held that the threat to First Amendment rights may be more severe in discovery than in other areas because a party may try to gain advantage by probing into areas an individual or a group wants to keep confidential. *Britt v. Superior Court of San Diego County,* 20 Cal.3d 844, 143 Cal.Rptr. 695, 574 P.2d 766, 774 (1978).

█ Membership lists are not the only information afforded First Amendment protection. In blocking the government's discovery request of political action groups, this court recently stated, "it is crucial to remember that we are considering the essence of First Amendment freedoms—the freedom to protest policies to which one is opposed, and the freedom to organize, raise money, and associate with other like-minded persons so as to effectively convey the message of the protest." *Int'l Action Ctr. v. United States,* 207 F.R.D. 1, 2 (D.D.C.2002) (Kessler, J.). The First Amendment's protection "extends not only to the organization itself, but also to its staff, members, contributors, and others who affiliate with it." *Int'l Union v. Nat'l Right to Work Legal Defense and Ed. Found., Inc.,* 590 F.2d 1139, 1147 (D.C.Cir. 1978). In a case involving requests for internal communications and communications among various groups, the D.C. Circuit ruled that releasing the information would have a potential "for chilling the free exercise of political speech and association guarded by the First Amendment." *Fed. Election*

*Comm'n v. Machinists Non–Partisan Political League,* 655 F.2d 380, 388 (D.C.Cir.1981).

The D.C. Circuit has set out principles to guide a trial court's decision in cases involving the implication of a First Amendment right in the discovery context. *Int'l Union,* 590 F.2d at 1152. Before compelling discovery, this court must assess (1) whether the information goes to the "heart of the lawsuit," (2) whether the party seeking the discovery sought the information through alternative sources, and (3) whether the party seeking disclosure made reasonable attempts to obtain the information elsewhere. *Id.*

The plaintiff loses on all three points. As noted earlier, the information sought from the non-party witnesses is irrelevant to the plaintiff's FACA claim and thus does not go to the heart of the lawsuit. *Id.;* FED. R. CIV. P. 26(b)(2). In addition, the plaintiff can obtain the information needed to proceed on its FACA claim from the federal defendants and it has not shown that it has made reasonable attempts to obtain the information elsewhere before asking for this extraordinarily broad discovery request of the non-party witnesses. *Id.*

## IV. CONCLUSION

For all these reasons, the court denies the plaintiff's motion to compel the production of documents and grants the non-party witnesses' motions to quash the subpoenas. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of July, 2002.