**Ex Parte SEALED AIR CORPORATION and Cryovac, Inc. Third–Party Movants.**

**In re Pechiney Plastic Packaging, Inc., and Pechiney Emballage Flexible Europe, Plaintiffs,**

**v.**

**Curwood, Inc., Defendant.**

**and**

**Curwood, Inc., Plaintiff,**

**v.**

**Pechiney Plastic Packaging, Inc., and Pechiney Emballage Flexible Europe, Defendants.**

**No. 6:03–MC–194–26.**

United States District Court,
D. South Carolina,
Greenville Division.

Feb. 5, 2004.

Marshall Winn, Wyche Burgess Freeman and Parham, Greenville, SC, Slawomir Steve

Szczepanski, Jenkens and Gilchrist, Chicago, IL, for plaintiffs.

Robert Oliver King, Kristofer Karl Strasser, Ogletree Deakins Nash Smoak and Stewart, Greenville, SC, for movants.

## ORDER DENYING CRYOVAC'S MOTION TO QUASH SUBPOENAS AND GRANTING PECHINEY'S MOTION TO COMPEL

FLOYD, District Judge.

### I. INTRODUCTION

These are patent infringement cases pending in the United States District Court in Wisconsin between Pechiney and Curwood. Cryovac is a third party. All three of the parties are competitors in the food packaging business. Pending before the Court are Cryovac's Motion to Quash and Pechiney's Motion to Compel.

### II. THE DISPUTE

In the underlying lawsuit, Curwood contends, among other things, that certain of Cryovac's activities in the 1993–94 time period invalidate the Pechiney '476 Patent. To be more specific, Curwood alleges that the RDX–1690 family of polymeric films that were produced by Cryovac were on sale in the United States in the 1993–94 time frame, early enough to be prior art with respect to the Pechiney '476 Patent. Pechiney seeks more information about the RDX–1690 films. Cryovac objects.

### III. DISCUSSION

■ The major disagreement between the parties centers around Cryovac's contention that the information which Pechiney seeks is a trade secret.[1] The applicable standard concerning the discovery of trade secrets is set forth in *Coca–Cola Bottling Co. of Shreveport, Inc. v. Coca–Cola Co.*, 107 F.R.D. 288, 292 (D.Del.1985). The party resisting

the discovery must demonstrate to the Court that the information being sought is a trade secret and that its disclosure might be harmful. *Id.* Once shown, the burden shifts to the party that seeks the discovery to establish the relevance of the trade secret to the lawsuit and that it is necessary to the action. *Id.* If relevance and necessity are established, then the Court "must balance the need for the information against the injury that would ensue if disclosure is ordered."[2] *Id.*

■ There is no absolute privilege to protect trade secrets from disclosure during the discovery process. *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1185 (D.S.C.1974). "[D]iscovery [of confidential information] is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Coca–Cola Bottling Co.*, 107 F.R.D. at 293.

■ For purposes of deciding these motions, the Court assumes that the information that Pechiney seeks is trade secret information and that disclosure could be potentially harmful. Pechiney has demonstrated to the Court, however, the relevance and necessity of the information that it seeks. That is, the Court is of the opinion that Pechiney has established that the material that it seeks from Cryovac is relevant to the subject matter of the underlying lawsuit and that the information is necessary for Pechiney to prepare for trial. The Court has balanced Pechiney's need for the information against the injury that would ensue if disclosure is ordered. Having carefully considered the motions, the responses, the replies, the arguments of counsel, the record and the applicable law, the Court concludes that disclosure shall be required.

The Court is not, however, persuaded that the protective order currently in place in these actions is sufficient to protect the vital

---

1. The Court has considered and rejected Cryovac's other objections.

2. Courts are split as to whether discovery requests directed to non-parties are to be treated differently than discovery requests that are directed to actual parties in the litigation. *See, e.g.,*

*Castle v. Jallah,* 142 F.R.D. 618, 620 (E.D.Va. 1992); *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed.Cir.1993). Even when the Court takes this factor into consideration, however, the Court's final determination is the same.

interest that Cryovac has in securing its trade secrets. Thus, the Court will require that the parties fashion a proposed consent protective order that appropriately protects the interests of Cryovac. The Court will enforce any protective order that it signs in this case to the fullest extent provided under the law.

**IT IS THEREFORE ORDERED** that Cryovac's Motion to Quash Subpoenas shall be DENTED and Pechiney's Motion to Compel shall be **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall file a proposed consent protective order with the Court within five days of the filing of this Order. The proposed order shall set forth the dates and methods that the discovery will be produced.